Henry Banks v. The State.

No. 4078.  Decided May 17, 1916.

Rehearing denied June 14, 1916.

**1.—Local Option—Misdemeanor—Felony—Motion for New Trial.**

Where, upon appeal from a conviction of a misdemeanor in the County Court, defendant's motion for new trial was filed five days after judgment was entered, without leave of the court, and an amended motion for new trial was also filed with the clerk fourteen days after trial, there was no error in the court's refusal to permit him to file his amended motion, which set up newly discovered evidence.

**2.—Same—Motion for New Trial—Rule Stated—Statutes Construed.**

The law provides that a conviction of a misdemeanor case is final if no motion for new trial is filed within two days, while in felony cases, the court may allow the same to be made at any time before adjournment for good cause shown, and it is immaterial whether the statute is mandatory or directory. Had

an original motion for new trial been filed within two days after conviction, the lower court could have permitted the same to have been amended at a later day, but as no motion of any character was filed until five days after conviction, there was no error in the court's action in refusing to hear it.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a conviction· of a violation of the local option law; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The opinion states the case.

*S. M. Adams,* for appellant.—On question of directory statutes: State v. Connor, 23 S. W. Rep., 1103; Holloway v. State, 59 S. W. Rep., 883; Wilkins v. State, 15 Texas Crim. App., 420; Hart v. State, 21 id., 163; Carusales v. State, 47 Texas Crim. Rep., 1.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating liquors in prohibition territory and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The trial was had and judgment entered on January 19th. No motion for a new trial was filed until January 24th—five days after judgment was entered. No leave or permission of the court was granted to file this motion—the two days fixed by statute having passed On February 3rd—fourteen days after the trial of the case—without getting the permission of the court, appellant filed with the clerk an amended motion. When the court's attention was called to this amended motion, he struck it from the record and refused to consider it. Virtually the sole question before us is, did the trial court err in refusing to permit appellant to file this amended motion fourteen days after the trial of the case. Attached to this motion is a certified copy of a judgment of the United States District Court, sitting at Tyler, showing that Wallace Jones, one of the State's witnesses, had on May 11, 1911, been convicted of carrying on the business of a retail liquor dealer, without having paid the special tax levied by the Federal government. Appellant alleges that at the time of the trial of his case he did not know that Wallace Jones, State's witness, had been convicted in the Federal Court of this offense, and did not learn of it until he employed Mr. S. M. Adams to assist his counsel in filing this amended motion for a new trial and prosecuting this appeal; that as soon as Mr. Adams was employed he sent and got a copy of the judgment, and as this judgment rendered Wallace Jones incompetent as a witness, the court should have permitted him to file his amended motion on February 24th and granted him a new trial.

This necessarily brings in review article 839 of the Code of Criminal Procedure. It provides that *"a new trial must be applied for within two days after the conviction; but,* for good cause shown, the court,

*in cases of felony,* may allow the application to be made at any time before adjournment of the term at which conviction was had."

Why the Legislature made the distinction between convictions for felonies and misdemeanors is not for us to determine. That they have done so is clearly manifest, and they made it apparent their intention was to make a conviction for a misdemeanor final if no motion for a new trial was filed within two days, while a felony conviction should not become final until the end of the term of court at which the conviction was had. The Legislature also makes this discrimination in matters of change of venue. The venue may be changed in cases of felony for reasons stated in the statute, but no change of venue can be had in misdemeanors, although the same condition exists. Arts. 626, 627 and 628, C. C. P.; Halsell v. State, 29 Texas Crim. App., 22, and cases cited in Vernon's Proc. under art. 626.

Appellant insists that the above provision of the Code is directory and not mandatory, but he overlooks the fact that the granting of new trials by trial courts is statutory, and not a part of the common law engrafted on our system of jurisprudence. It is immaterial whether the statute is mandatory or directory. There is no right given to file a motion for a new trial in misdemeanor after the lapse of two days after conviction. Had an original motion for new trial been filed within the two days allowed by law, the court could permit it to be amended at a later day. But as no motion of any character was filed until five days after conviction, a court could permit a motion to be filed after term time in felony cases as well as he could in a misdemeanor case after the lapse of two days after conviction.

We can not hold that the court abused the discretion confided to him in following the plain provisions of the statute, instead of ignoring its provisions. As this is the only question presented on appeal, the judgment should be affirmed.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 14, 1916.—Reporter.]