## WILLIAMS v. STATE.
### No. 24268.

Court of Criminal Appeals of Texas.
Feb. 23, 1948.
Rehearing Denied April 27, 1949.

Creighton & Creighton and John R. Creighton, all of Mineral Wells, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for violation of the liquor law with a penalty of nine months in jail and a fine of $750.00.

The evidence shows that appellant was apprehended in the City of Mineral Wells, at four o'clock in the morning, while driving on the streets, with three cases of liquor containing seventy-two pints. Appellant plead guilty before a jury on the 10th day of August, 1948. The State, thereupon, introduced evidence showing the circumstances of the arrest and the quantity of liquor in his possession, as stated above. The jury, on the same day, returned its verdict assessing what is alleged to be an excessive punishment.

The appellant was not satisfied and filed his motion for new trial. In this he alleges that John Crabtree, one of the jurors, was employed by the county and worked in and about the court house; that he knew of the former convictions of the defendant and that he took into consideration in fixing the penalty in this cause such former convictions and was influenced by such knowledge; that, thereby, he was not a fair and impartial juror. When the mo-

tion for new trial was heard; Crabtree was the only juror called to testify. He stated that he did not know the accused at the time he was selected to try the case and he did not know that the defendant had ever before been convicted of violating the liquor laws of the State of Texas until they had received the case and were in the jury room deliberating. He said that one of the jurors stated to the jury, while in the room deliberating on this case and before they arrived at a verdict, that the accused had been convicted a number of times of violation of liquor laws in Palo Pinto County. He did not remember the name of the juror who made such statement. He says that was the first that he knew of his former convictions.

It will be observed that the allegations set out in the motion for new trial were to the effect that Crabtree himself was an unfair juror. It is not shown that he, or any other juror, was questioned regarding his qualifications as a juror before he was accepted. Appellant was not misled by any statement which this juror made on voir dire examination and it is not proven that he was an unfair juror. The matter upon which appellant now relies is foreign to the allegations in his motion for new trial. Consequently, we think that the rule stated in Harvey v. State, Tex.Crim.App., 201 S. W.2d 42, is controlling.

Finding no reversible error, the judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing.

DAVIDSON, Judge.

Appellant urges that the facts introduced upon the hearing of the motion for new trial show that the jury, after retiring to deliberate upon the case, received other testimony and that, under the provisions of Sec. 7 of Art. 753, C.C.P., a new trial should have been awarded.

Nowhere in the motion for new trial do we find an assignment by which it may be said that the State or the trial court was placed upon notice that appellant was relying upon such fact for a new trial.

In Harvey v. State, Tex.Crim.App., 201 S.W.2d 42, we endeavored to make it

clear that where jury misconduct is relied upon for a new trial reasonable notice must be given of such fact in the motion for new trial.

The motion for rehearing is overruled.

Opinion approved by the Court.