Louis BARRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 35983.

Court of Criminal Appeals of Texas.

Oct. 9, 1963.

Rehearing Denied Nov. 20, 1963.

See also Tex.Cr.App., 361 S.W.2d 718.

Merle H. Dooley, Farmer, Maddin & Eichelberger, by C. S. Farmer, on appeal only, Waco, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, life.

The prosecutrix, a 68-year-old widow who resided alone in the City of Hearne, testified that she was awakened on the night in question and observed a man standing in the doorway of her bedroom; that he stated he wanted to have intercourse with her and threatened to kill her if she made an alarm; that she felt something sharp in her back and the man told her it was a knife. She stated that he tore a portion of her sheet into a blindfold and placed the same over her eyes, ripped off her nightgown, and during the next several hours had approximately six acts of intercourse with her but was never able to reach a climax.

She did not attempt to identify appellant and only stated that from his accent she was able to determine that her attacker was a Latin-American.

After smoking a cigarette while seated on the side of her bed, her assailant left and she ran in the nude to one of her neighbors, where she was met at the door and a man's overcoat placed around her, and the police were called. They arrived, found prosecutrix clothed in an overcoat, and proceeded with their investigation. Within a matter of an hour or two, they presented themselves at the door of the rented room occupied by appellant and asked permission to enter; this was granted, and appellant agreed to accompany them to the police station for questioning.

During the course of their questioning, which covered a period of not more than an hour, one of the officers noticed a long gray hair intertwined in appellant's hair; and within a few minutes after being confronted with such evidence, appellant confessed, and the same man then reduced same to writing.

In prosecutrix's bed, they found certain particles of broken glass. After appellant's arrest at the police station, his pockets were searched and certain other pieces of broken glass were found. The first group consisted of five pieces, and the second of four. These were submitted to the Department of Public Safety, and an expert from that department testified that they fit together so as to indicate that they had all been parts of a broken sunglass.

Appellant did not testify, and the only evidence as to the voluntary nature of the

confession, other than the officers, was that of a woman living in the room adjacent to appellant's who testified that the officers used profanity toward appellant when they came to his room. Appellant called witnesses who testified that he was intoxicated on the night in question and who sought to discredit the officers' testimony on collateral matters.

■ We do not agree with appellant's contention that the evidence does not comport with human experience because appellant failed to reach a climax in half a dozen efforts to do so with this 68-year-old woman.

■ Under the holding of this Court in Stevenson v. State, Tex.Cr.App., 334 S.W. 2d 814, this is not a circumstantial evidence case, and therefore this Court will not treat the failure of the State to call certain witnesses as raising a question of reasonable doubt as to the sufficiency of the evidence to support the conviction under the rule announced in Vasquez v. State, 145 Tex.Cr. R. 376, 167 S.W.2d 1030.

■ We have heretofore in Head v. State, 160 Tex.Cr.R. 42, 267 S.W.2d 419, held that in the absence of an objection it is not reversible error for the court to instruct the jury that the maximum punishment for the offense of rape is life imprisonment instead of death.

The motion to quash the jury panel does not prove itself, and there is no separate statement of facts and no proof in the record to support the allegations contained in the motion.

■ We are unable to agree with appellant that the confession was rendered inadmissible because the officer who took the same admitted that he "might have told him (appellant) it would be better to tell the truth, that is all." Humphries v. State, 163 Tex.Cr.R. 601, 295 S.W.2d 218.

■ We find no error in the action of the court in failing to grant a new trial because

of alleged jury misconduct which, of necessity, would have occurred within the jury room because no affidavit of a juror is attached to such motion. Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819, and Clifton v. State, Tex.Cr.App., 339 S.W.2d 902.

■ The same is true as to the alleged newly discovered evidence. Wofford v. State, 159 Tex.Cr.R. 506, 265 S.W.2d 110.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.