Carl A. GONZALEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00093–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 20, 1982.

Rehearing Denied Dec. 6, 1982.

Jesse Roy Botello, Botello & Serna, Inc., San Antonio, for appellant.

Bill White, Dist. Atty., Peter A. Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This appeal was previously abated by this court with instructions to the trial court to allow appellant an evidentiary hearing on his motion for a new trial alleging denial of a fair trial because of jury misconduct during their deliberation as to punishment. A record of the hearing is now before us. Accordingly, our opinion delivered on May 12, 1982, is withdrawn and this opinion is substituted therefor.

This is an appeal from a conviction for burglary of a building. The jury found appellant guilty and, following a finding that the allegation in an enhancement paragraph was true, assessed punishment at fifteen years' confinement. The sufficiency of the evidence is not challenged. Appellant raises two grounds of error.

The substance of appellant's first ground of error is that the trial court erred in failing to grant his motion for a new trial. Specifically, appellant maintains that he was denied a fair and impartial trial as a consequence of alleged jury misconduct when, during their deliberation on punishment, jurors discussed and considered the parole law and its effect on any sentence to be imposed by them. We do not agree.

The statement of facts of the evidence developed at the motion for new trial hearing indicates that five jurors were called by appellant to testify. They each testified that they could not recall any specific mention of the parole law having been made during the jury's deliberation on punishment. Further, they all testified that the only mention of the parole law made during their deliberation on punishment was when someone warned them of the court's instructions not to discuss such matters. Significantly, two of the jurors additionally testified that they recalled that someone discussed the parole law and its effect on the sentence, but that this discussion was held "out in the hall" immediately after the trial had terminated and after the jury had been discharged by the court.

■■■ We do not find the statement in the jury room to be misconduct. It amounted to no more than an admonishment by the juror making it to the remainder of the jurors to follow the instructions of the trial court. We further find that Tex.Code Crim.Pro.Ann. art. 40.03 (Vernon 1979) does not apply to discussions by jurors of the parole law and its effect on the sentence imposed, when such discussions take place after the jury has been discharged. The court was correct in denying appellant's motion for new trial. Appellant's ground of error number one is overruled.

■■■ In his second ground of error, appellant argues that the trial court erred in admitting testimony regarding blood comparisons. Appellant does not question the competence or the qualifications of witness Patricia Lux as a criminalist expert in blood comparisons; rather, appellant maintains that Lux's testimony was so speculative as to improperly influence the jury.

Criminalist Lux testified that she analyzed and compared blood samples collected from (1) a blood scraping on a broken window at the scene of the crime and (2) a piece of white cloth discarded by appellant

and recovered by a San Antonio police officer at the time of appellant's arrest. Lux concluded that the two blood samples were consistent with each other as a result of six different blood tests she performed. Lux noted that only one person out of a hundred of the "Chicano" population would have the combination of chemical elements in his blood that she found in the samples. Appellant then objected to Lux's testimony because of the allegedly speculative nature of estimating the degree of probability.

Appellant refers to further testimony by Lux whereby Lux admitted that she did not take a blood sample from the appellant, did not know appellant's blood type, and concluded that appellant was a "Chicano" based solely upon the fact that his last name was Gonzalez.

Before an expert's opinion testimony may be admitted into evidence, *Chambers v. State,* 568 S.W.2d 313, 325 (Tex.Cr.App. 1978) and *Hopkins v. State,* 480 S.W.2d 212, 218 (Tex.Cr.App.1972) require that (1) the witness must be competent and qualified to testify; (2) the subject must be one upon which the aid of an expert's opinion will assist the jury; and (3) the witness' testimony must not state a legal conclusion. Appellant's argument relates solely to the weight to be given to Lux's testimony, thus the fact that her testimony dealt with probability does not render her testimony inadmissible. *See Brown v. State,* 475 S.W.2d 938, 952 (Tex.Cr.App.1971); and *Wallace v. State,* 458 S.W.2d 67, 71 (Tex.Cr.App.1970). Therefore, appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.