**Robert Lee DUGARD**

v.

**The STATE of Texas, Appellee.**

**No. 611–83.**

Court of Criminal Appeals of Texas, En banc.

April 17, 1985.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., D.A. & Calvin Hartmann, Joe Magliolo, Larry Schreve & Karen Zellars, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of aggravated rape and his punishment was assessed by the jury at 45 years' imprisonment.

On appeal appellant advanced three grounds of error. He contended the trial court erred in failing to afford him a hearing on his motion for new trial where it was shown by a juror's affidavit that the jurors discussed the parole law, that the court erred in overruling his motion when it was shown by affidavit that the parole law was discussed and one juror was influenced and voted for a harsher punishment denying him a fair and impartial trial.[1] The Houston Court of Appeals (1st Dist.), after reviewing the circumstances, decided that it was unlikely the affidavit, without more, would have resulted in the granting of a new trial citing *Munroe v. State*, 637 S.W.2d 475 (Tex.Cr.App.1982), but speculated that on a hearing, evidence could be offered warranting a new trial on the grounds of jury misconduct. Upon the authority of Article 44.24(b), V.A.C.C.P., that the appellate court "may enter any other appropriate order as the law and nature of the case may require" the Court of Appeals

---

1. As observed by the Court of Appeals there is some inconsistency in the grounds of error. The Court of Appeals stated, "As will be discussed, the trial court did not expressly overrule appellant's motion for a new trial, ... neither did it expressly deny a hearing in appellant's motion for a new trial."

abated the appeal and remanded the cause to the trial court for a belated hearing on the motion for a new trial.

On original submission we refused the State's Petition for Discretionary Review. We granted State's Motion for Rehearing in light of the arguments advanced there and the overruling of *Munroe* in *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr.App.1984).

All three grounds of error relate to the motion for new trial process. The sequence of events thus becomes important. On January 22, 1982, appellant was sentenced. On February 22, 1982, two motions for new trial were filed. One was filed by appellant's trial counsel. It was signed and sworn to by the appellant. It alleged, inter alia, but simply "That the Jury was guilty of misconduct in that a juror conversed with a witness in regards to this case." No affidavit was attached to said motion. Attorney Walter Boyd, appellant's new counsel, also filed a motion for new trial on the same date. It was not signed and sworn to by the appellant. The motion alleged, inter alia, simply "5. There was jury misconduct." There was no affidavit attached.

On April 5, 1982, seventy-three days after sentencing, attorney Boyd filed "Defendant's Motion for a Hearing on His Motion for New Trial." Attached to this motion was the affidavit of a juror for the purpose of establishing jury misconduct. The affidavit stated in pertinent part:

"During the guilt phase of the [trial] one fo (sic) the jurors mentioned during jury deliberation that criminals do not serve more than ⅓ or ¼ of their sentences or words to the effect. Then during the punishment phase, there were two women who were holding out for a punishment less than 45 years. One of these ladies stated that she would agree to a 45 year sentence because the defendant would be out in 10 or 15 years; or words to this effect. One of the jurors then said that we were not supposed to discuss this but then this lady nevertheless changed her mind and voted for 45 years. This lady who changed their

mind was influenced for a shorter punishment because the defendant was a young man and had no prior criminal record."

On the same day (April 5, 1982), the court afforded the appellant a hearing on his motion requesting a hearing on his new trial motion. It does not appear the State was represented at the hearing. The record reflects:

"THE COURT: Several things come to the court's mind, Mr. Boyd. Number one, I think more than five days has elapsed from the verdict in this case, or from the time the sentence was imposed, number one. Number two, motion for new trial should be filed within 30 days of the date of sentence. I don't think this was filed timely. thirdly, if your motion had been filed timely, you've not brought it to the court's attention within ten days after you filed the motion. I don't think I have jurisdiction to hear your Motion for New Trial. Having said that, even if the court had jurisdiction to hear your Motion for New Trial, I find that it is wholly without merit in that your affidavit of your juror doesn't state any misconduct, if any, that influenced his decision. Just merely an allegation that some other person changed their mind allegedly because of misconduct, in this affidavit, it doesn't say where he keeps his crystal ball or how long he's been able to read minds. The court is not going to entertain your Motion for New Trial, but if it had, it would deny it because there's no substance to the Motion."

After colloquy between the court and attorney Boyd, the court stated:

"There's nothing properly before this court to deny. I have just given you a hearing because you want to get on the record and expound and I've given you that opportunity."

There was no request that the affidavit be considered as attached to the motion for new trial, nor was it introduced into evidence. Nevertheless, the court was famil-

iar with the same as indicated by the record.

On April 7, 1982, seventy-five days after sentencing, the motion for new trial was overruled by operation of law.

In 25 Tex.Jur.3rd, Criminal Law, § 3455, p. 312, it is stated:

"... *The right to move for a new trial in a criminal case is purely statutory; it is not part of the common law engrafted on the Texas system of jurisprudence. The remedy must be pursued in the manner prescribed by statute.*" (Emphasis supplied.) See also *Banks v. State*, 79 Tex.Cr.R. 508, 186 S.W. 840 (1916).

■ Chapter 40 of the 1965 Code of Criminal Procedure deals with "New Trials." "A 'new trial' is the rehearing of a criminal action, after verdict, before the judge or another jury." Article 40.01, V.A. C.C.P. A motion for new trial can be granted only on the motion of the defendant, not of the State. Article 40.02, V.A.C. C.P. *Castro v. State*, 42 S.W.2d 779 (Tex. Cr.App.1931). And no authority exists for the court to grant a new trial on its own motion. *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979); *Stevenson v. State*, 600 S.W.2d 307 (Tex.Cr.App.1980); *Ex parte Ybarra*, 629 S.W.2d 943 (Tex.Cr.App.1982). See also *Ramirez v. State*, 587 S.W.2d 144 (Tex.Cr.App.1979).

■ A defendant in a criminal case must establish the truth of the allegations contained in his motion for new trial. *King v. State*, 502 S.W.2d 795 (Tex.Cr.App.1973).

The statutory time to apply or move for a new trial and to amend such motion is set forth in Article 40.05, V.A.C.C.P., as amended in 1981, which provides:

"(a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence is imposed or suspended in open court.

"(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date the

sentence is imposed or suspended in open court.

"(c) In the event an original or amended motion for new trial is not determined by written order signed within 75 days after the date the sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period.

"(d) It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within 10 days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such 10-day period. Such delayed hearing shall not operate to extend the 75-day time limit within the original or amended motion must be determined.

"(e) Within the time limits prescribed in this article, a motion for new trial may be filed after the expiration of the term at which the date the sentence was imposed or suspended in open court, either during a new term of court or during vacation, and a motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed." (Amended by Acts 1981, 67th Leg., p. 803, ch. 291, § 107, eff. Sept. 1, 1981.)

■ In the instant case the appellant contends he was entitled to a new trial because of jury misconduct. It is well established that a motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavits. *Procella v. State*, 395 S.W.2d 637 (Tex.Cr.App. 1965); *Mason v. State*, 459 S.W.2d 855 (Tex.Cr.App.1970); *Howard v. State*, 484 S.W.2d 903 (Tex.Cr.App.1972); *Story v. State*, 502 S.W.2d 764 (Tex.Cr.App.1973); *Ward v. State*, 505 S.W.2d 832 (Tex.Cr. App.1974); *Bearden v. State*, 648 S.W.2d 688, 690 (Tex.Cr.App.1983), and cases there cited.

■ An issue of jury misconduct cannot be raised by a motion for new trial without a specific affidavit stating facts, not mere suspicions. *Vyvial v. State*, 10 S.W.2d 83 (Tex.Cr.App.1928).

Thus a new trial motion alleging jury misconduct in order to be sufficient as a pleading must be supported by a proper affidavit. *Procella v. State*, supra; *Mason v. State*, supra.

■ Failure to grant a new trial because of alleged misconduct is not error where no affidavit of juror is attached to the motion. *Barrera v. State*, 371 S.W.2d 881 (Tex.Cr. App.1963); *Procella v. State*, supra. And certainly if the motion for new trial is not verified and no affidavits are filed to support it, the trial court is justified in overruling the motion. *Bearden v. State*, supra. See also *Bernal v. State*, 647 S.W.2d 699 (Tex.App.—San Antonio 1982). In fact, such motion has been characterized as "fatally defective." *Carruthers v. State*, 143 Tex.Cr.R. 45, 156 S.W.2d 989 (1941).

■ Further, a juror's affidavit attached to a motion for new trial on grounds of alleged jury misconduct does not prove itself, *Kindell v. State*, 407 S.W.2d 784 (Tex. Cr.App.1966), cert. den. 385 U.S. 933, 87 S.Ct. 293, 17 L.Ed.2d 213, and is only a part of the pleading, and absent any evidence offered in support of the motion, the motion is properly overruled. *Davis v. State*, 419 S.W.2d 648 (Tex.Cr.App.1967).

■ The policy of the general rule requiring the affidavit of a juror or other person who was in a position to know the facts to be attached to a new trial motion alleging jury misconduct is to discourage "fishing expeditions" in an effort to impeach a jury verdict. *Stephenson v. State*, 494 S.W.2d 900 (Tex.Cr.App.1973). See also *Williams v. State*, 219 S.W.2d 688 (Tex.Cr.App.1949). A defendant is not entitled to a "fishing expedition" into supposed jury misconduct. *Forgey v. State*, 350 S.W.2d 32 (Tex.Cr.App.1961); *Mason v. State*, supra.

"[T]o hold otherwise would authorize in every case the making of general indefinite motions for new trials upon information and belief without specific averment of fact or supporting affidavit, and in such form as that same would not support prosecutions for perjury, which would compel trial courts to order process for any and all parties that might be desired and to enable the parties thus convicted to go upon limitless fishing expeditions." *Vyvial*, 10 S.W.2d at 84–85.

■ Appellant was sentenced on January 22, 1982. Under Article 40.05(a), as amended 1981, a motion for new trial must be filed within 30 days after the imposition of sentence. Both motions for new trials were filed on February 22, 1982. While the motions appear to have been untimely filed by one day since February 21st was the 30th day, the 21st was a Sunday, and the time was extended to Monday (February 22nd). Tex.Cr.App.R. 7. The motions were timely filed. Neither motion, however, constituted proper pleadings. No affidavit was attached to either. See *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App. 1979), cert. den. 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261. Attorney Boyd's motion was not even verified. If the motion or motions for new trial had been presented to the court within ten (10) days as required by Article 40.05(d), V.A.C.C.P., as amended 1981, there would have been no error in overruling the same. *Carruthers v. State*, supra; *Barrera v. State*, supra; *Bearden v. State*, supra.

Seventy-three days after sentencing (April 5, 1982), and after the ten (10) day time frame for presentment of a motion for new trial, attorney Boyd filed for the appellant a motion for a hearing on the motion for new trial, presumably the one previously filed by attorney Boyd. Attached to this latter motion (requesting a hearing) for the first time was a juror's affidavit. If counsel intended this affidavit as an amendment of his motion for new trial, he was too late. Article 40.05(b), supra.

25 Tex.Jr.3rd, Criminal Law, § 3535, p. 3535, citing Article 40.05(b), supra, states:

"One or more amended motions for new trial may be filed without leave of

court before any preceding motion for new trial filed by the movant is overruled *and within thirty days after the date the sentence is imposed* or suspended in open court." (Emphasis supplied.) See also Dally and Brockway—Criminal Appellate Review Changes, 13 St. Mary's Law Journal 211, 221 (1981).

■■■ It is clear from reading § (b) of Article 40.05 and its immediate predecessor that the Legislature meant that a motion for new trial may be filed and amended any number of times without leave of court so long as it was done within thirty days after sentence is imposed or suspended in open court. See *Atkinson v. State*, 299 S.W.2d 951 (Tex.Cr.App.1957), discussing amendment of motion for new trial with leave of court under Article 755, V.A.C.C.P., 1925, a forerunner of Article 40.05, V.A.C.C.P., 1965. See also 25 Tex.Jur.3rd, Criminal Law, § 3535, p. 452, 453.

The statutory method set forth in Article 40.05, as amended 1981, does not provide for any amendment of the motion for new trial after the said 30 days, even with leave of court. This represents an intentional change of the former statute and requiring the filing and all amending of a motion for new trial within the said 30 days and not thereafter.

On April 5, 1982, the same date the motion requesting a hearing on the new trial motion was filed, the court conducted a "hearing" on the latest motion filed by attorney Boyd.

The trial court was incorrect in its belief that the motion for new trial was not timely filed, but apparently correct in stating the new trial motion had not been presented to the court within ten days as required by Article 40.05(d), V.A.C.C.P.

■■■ Thus the court had before it on the 73rd day after sentencing an unverified motion alleging simply without more there was jury misconduct, unaccompanied by

any affidavit, filed on the 30th day after sentencing after which there could not be a valid amendment. The same did not constitute proper pleadings and they were "fatally defective." See Carruthers v. State, supra. Further, the motion had not been presented within ten days as required by said Article 40.05(d). For either reason the trial court was correct in concluding there was nothing properly before the court to rule upon.

■■■ The Court of Appeals seized upon the trial court's remark "I don't think I have jurisdiction to hear your Motion for New Trial," and noted that while the motion must be presented to the court within ten days, it could be presented thereafter until the seventy-fifth day after sentencing within the discretion of the court. Since the presentation was on the seventy-third day, the Court of Appeals concluded the trial court was erroneous in its belief that it lacked jurisdiction. We do not read the trial court's remark as to being limited or restricted to the application of Article 40.-05(d), as to the ten day requirement, but as having reference to the entire new trial motion process then before the court.[2] A trial court need not wait for the expiration of the 75-day period before denying a hearing on a motion for new trial that has not been timely presented as required by Article 40.05(d). We are unable to conclude, as did the Court of Appeals, that the trial court was unaware of its discretion to consider the motion for new trial after the ten day period and prior to the 75-day limitation.

Even if it could be argued, contrary to the clear intent of Article 40.05, supra, that with leave of court the motion for new trial could be amended after the 30 days provided in § (a), we note that leave of court was not requested or obtained in the instant case. While the Court of Appeals did not deal with the validity of any attempted amendment, the State argues that if the

---

**2.** Usually if the trial court's action is correct, although a wrong or insufficient reason is given, no reversal will follow, and this is especially true regarding admission of evidence. *Sewell v.*

State, 629 S.W.2d 42 (Tex.Cr.App.1982); *Miles v. State,* 488 S.W.2d 790 (Tex.Cr.App.1972); *Spann v. State,* 448 S.W.2d 128 (Tex.Cr.App.1969).

juror's affidavit can be said to have properly been before the trial court, the affidavit was insufficient citing *Slanker v. State*, 505 S.W.2d 274 (Tex.Cr.App.1974). The State points out the affidavit did not name the juror who was influenced, was vague as to the exact comment on the parole law, even noted there was an admonishment not to discuss the subject, and was indefinite as to the comment's influence on punishment.

The Court of Appeals acknowledged that, without more, the affidavit was not sufficient to have resulted in the granting of a new trial in light of *Munroe v. State*, 637 S.W.2d 475 (Tex.Cr.App.1982).[3] The court, in its opinion, added "However, had the appellant been afforded a hearing on his motion, we can only *speculate* as to whether juror testimony and additional affidavits, if offered, would warrant the granting of a new trial on the grounds of jury misconduct. We therefore hold the affidavit was sufficient to entitle appellant to a hearing on a motion for new trial." (Emphasis supplied.)

 We agree that the affidavit alone, and if properly before the court, would not meet the test of *Munroe*, and further observe that *Munroe* has now been overruled by *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr.App.1984), which readopted the five-prong test gleaned from the pre-*Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App. 1975) cases.[4] Clearly if the affidavit, without more, was insufficient under *Munroe* it alone would be insufficient under *Sneed*.

The affidavit here was vague, indefinite and did not reflect probable cause for conducting a hearing on the motion for new trial, if the motion and affidavit had been properly before the court. The action of the Court of Appeals in abating the appeal

for a belated hearing on the motion for new trial was to authorize a fishing expedition which the requirement of proper pleadings is designed to prevent. *Vyvial v. State*, 10 S.W.2d 83, 84, 85 (Tex.Cr.App.1928); *Forgey v. State*, 350 S.W.2d 32 (Tex.Cr.App. 1961); *Mason v. State*, 459 S.W.2d 855 (Tex.Cr.App.1970).

For all the reasons stated the judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of appellant's three grounds of error in light of this opinion.

TEAGUE, Judge, concurring.

I write because the majority does not address the serious jurisdictional question that Judge Clinton raises in the dissenting opinion that he has filed in this cause, namely, whether this Court has jurisdiction over this cause.

The First Court of Appeals in its cause of *Dugard v. State* (No. 01–82–0100–CR, May 5, 1983), stated the following in its opinion: "Pursuant to [Art. 44.24(b), V.A.C.C.P.], the appeal is abated and we remand the cause to the trial court with instructions to grant a hearing on appellant's motion for new trial without prejudice to appellant's right of further appeal." Because of the wording, does this cause the decision of the court of appeals only to be an interlocutory order, or does it constitute a final decision by the court of appeals?

*Implicit* within the Rules of this Court and Art. 44.45, V.A.C.C.P., which govern this Court's jurisdiction over petitions for discretionary review, is the fact that it is only in the instance that a decision of a court of appeals has become final can this

---

**3.** The test stated in *Munroe* for determining whether the trial court reversibly erred in refusing to grant the defendant a new trial is:
"The defendant must show (1) that *any* discussion of the parole laws took place during the jury's deliberations (thereby showing jury misconduct), and (2) that the discussion denied him a fair and impartial trial."
The majority in *Munroe* stated the defendant could meet his burden on his motion for new trial by showing that even a single juror voted

for a harsher punishment as a result of misconduct, being any discussion of the parole laws.

**4.** Now to show a jury's discussion of the parole law constitutes reversible error it must be shown there was (1) a misstatement of the law (2) asserted as a fact (3) by one professing to know the law (4) which is relied upon by other jurors (5) who for that reason changed their vote to a harsher punishment.

Court's jurisdiction then be invoked to review a petition for discretionary review.

I am now convinced that because of what the court of appeals expressly ordered to be done in its opinion, namely, "the appeal is abated and we remand the cause to the trial court with instructions to grant a hearing on appellant's motion for new trial without prejudice to appellant's right of further appeal," that its decision is now final and subject to review by this Court. Thus, this Court has jurisdiction over the decision of the court of appeals.

Had the opinion of the First Court of Appeals read like the opinion of the San Antonio Court of Appeals did in *Gonzales v. State*, 635 S.W.2d 180 (Tex.Cr.App.1982), after remand, see 643 S.W.2d 751 (Tex.App. —San Antonio 1982), I would agree with Judge Clinton that this Court does not have jurisdiction over this cause. However, the critical difference between *Gonzales v. State*, supra, and *Dugard v. State*, supra, lies in how the respective opinions read.

In *Gonzales v. State*, supra, the San Antonio Court of Appeals expressly stated the following in its opinion: "This cause is abated and remanded to the trial court for the purpose of conducting an evidentiary hearing within 90 days from the date of this opinion, to determine whether appellant's claims of jury misconduct are meritorious. A record of that proceeding shall be prepared in the manner prescribed by Tex. Code Crim.Pro.Ann. art. 40.09 (Vernon Supp.1982) and transmitted to this Court for further disposition. IT IS SO ORDERED." Thus, by the clear and express wording of what the court of appeals stated, when it ordered the cause remanded to the trial court, it is obvious that it retained jurisdiction over the cause, thus preventing its decision from becoming final.

In our cause, however, but because of the manner in which the court of appeals stated was to be done with the cause, the court of appeals did not retain jurisdiction over the case, but, instead, divested itself of jurisdiction over the case. Thus, for our

purposes, the decision of the court of appeals is a final decision and subject to review by this Court.

The majority opinion holds that because of this Court's decision of *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr.App.1984), appellant is entitled to no relief. To that extent, the majority correctly decides this cause. However, I again strongly urge the majority to reconsider and reevaluate this Court's decision of *Sneed v. State*, supra, and, after doing so, summarily and expressly overrule that decision because it flies in the face of what the Legislature lawfully mandated when it enacted Subsections 7 and 8 of Art. 40.03, V.A.C.C.P.

The majority, however, declines to take the proper step and again refuses to expressly overrule *Sneed v. State*, supra. Therefore, but because of stare decisis, I am compelled to agree with the majority opinion that it reaches the right result in disposing of appellant's contention that because of jury misconduct he is entitled to a new trial.

I reluctantly concur.

CLINTON, Judge, dissenting.

Winding up argument in his brief the Harris County District Attorney alludes to a classic tale written for and read to and by children—and more often than not retained long thereafter in the mind of the reader; *viz:*

> "Such a Carollian [sic] interpretation ... would leave the trial bench and bar on the wrong side of the looking-glass. Life would indeed become 'curiouser and curiouser.'"

Today the majority takes this Court through the looking glass.

In its motion for rehearing the State urged nothing was presented for review so that in effect the court of appeals was without authority to or erroneously did abate this appeal and remand the cause for a hearing on appellant's motion for new trial.[1] While I do not purport to speak for

---

1. More specifically the motion for rehearing

contends that the court of appeals "should have

judges who voted to grant the motion, presumptively they had in mind to determine that which the State was contending—whether it was proper for the court of appeals to do what it did. My present concern is whether in the posture of the instant cause this Court is authorized to do what the majority would have it do.

In *Measeles v. State*, 661 S.W.2d 732 (Tex.Cr.App.1983), unanimously (and somewhat summarily) we refused a petition for discretionary review because:

> "Ordinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals *since it does not finally dispose of the case in that court.*" [2]

The court of appeals had ordered the appeal abated until complete statement of facts was prepared, approved and filed with the court. By petition for discretionary review the State challenged authority of the court of appeals to order an abatement for that purpose. Because the court of appeals had not finally disposed of the case, the Court declined to take up the challenge.

In retrospect we should have examined the matter more thoroughly, for at issue is the jurisdiction, power and authority of this Court vis a vis the fourteen courts of appeals when one of the latter is exercising its own *appellate* jurisdiction. Now that the opportunity again presents itself, I propose to make that examination.

This Court has "final appellate jurisdiction coextensive with the limits of the state ... with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law." Appeals in capital cases in which the death penalty has been assessed are directly to this Court, but *"appeal of all other cases shall be to the Courts of Appeals* as pre-scribed by law." Article V, § 5, Constitution of the State of Texas. The courts of appeals have *"appellate jurisdiction* coextensive with the limits of their respective districts ... under such restrictions and regulations as may be prescribed by law. Article V, § 6, *id.* Articles 4.01, 4.03 and 4.04, § 2 are to the same effect; see also Article 44.24 and 44.25, V.A.C.C.P. In criminal cases such is the *appellate* jurisdiction of this Court and of the courts of appeals.

*"In addition,* the Court of Criminal Appeals may, on its own motion, review a decision of a Court of Appeals in a criminal case *as provided by law.*" *Ibid.* And, again subject to regulations prescribed by law, this Court has power generally to issue writs of habeas corpus and, in criminal law matters, other designated extraordinary writs, as well as protective and fact ascertaining powers. *Ibid.* Germane law is primarily provided in Articles 4.04, 44.01, 44.24, 44.25, 44.36, 44.38 and 44.45, V.A.C. C.P.

Together the constitutional and statutory provisions design, create and establish a system that assigns to and reposes in the courts of appeals jurisdiction, power and authority over "appeal[s] of all other criminal cases" than capital murder in which the death penalty is assessed. Article V, 5 and Article 4.03, both supra. Ancillary to exercising its jurisdiction, power and authority, the court of appeals "may enter any other appropriate order, as the law and nature of the case may require," Article 44.24, supra. That is exactly what the Houston (1st) Court of Appeals did in this cause, and at the outset the majority opinion of the Court recognizes the authority of the court below to do so and, as I understand the opinion, never even questions that authority.[3]

---

held that there was nothing for review" rather than abating the appeal "with instructions to grant a hearing on appellant's motion for new trial." Thus, just as it appears to be, the State construes the ruling of the court of appeals as an order of abatement.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. Thus to the extent it contends otherwise the State loses on the merits of the ground a majority of this Court determined to review—erroneously, for in my judgment our reviewing, much less entertaining a petition for review, the kind

Simply put, neither appellate nor discretionary review jurisdiction, power and authority constitutionally and statutorily granted to and bestowed on this Court sustain our overturning an abatement order entered by a court of appeals in the discharge of its duties and responsibilities to decide the criminal case then before it on appeal. Strictly speaking this Court has no appellate governance over a court of appeals—a party is not entitled to *"appeal"* a final decision of that court to this one. All the constitutional and statutory provisions authorizing discretionary *"review"* are in terms of our reviewing a "decision" of a court of appeals. Nothing in either so much as implies we may presume to set aside that kind of interlocutory order, which the court below was fully authorized to make.[4]

A statute mandates that courts of appeals, *"in each case decided* by them, shall deliver a written opinion, setting forth the reason for such decision"—unless in its discretion the court decides the case by a certificate of affirmance. Article 44.24(c), supra. That mandate means that a "case" must be decided before "the reason for such decision" set forth in a written opinion is ripe for review. This Court may "review" a decision of the court of appeals on its own motion, or a losing party "in a case" may petition this Court "for review of the decision of a court of appeals in that case," Article 44.45(a) and (b). Similarly, "in each case decided by it," this Court is required to deliver a written opinion giving "the reasons for such decision."

By entering an order merely abating an appeal a court of appeals does not "decide a case" nor does it deliver "a written opinion." Its decision in the case and the reason for that decision awaits outcome of whatever proceeding is to be had in the trial court, reflected in a supplemental record filed in the court of appeals. With

that supplemental record before it the court of appeals may then decide the case with a written opinion giving the reason for its decision, after which the losing party is entitled to seek review by this Court.

When that orderly course has been followed, this Court will look squarely at a petition for discretionary review. Today, alas, it goes through a looking glass and makes things "curiouser and curiouser." Lewis Carroll would be proud.

A looking glass is a mirror. Viewing from this side, I respectfully dissent.

---

of interlocutory order entered here by the court of appeals is not justified by law.

**4.** Indeed, this Court could not properly reach the order of abatement through any type of extraordinary writ since the court of appeals was exercising and is within its own jurisdiction, power and authority in making the judicial determination to enter its order. See *The State of Texas ex rel. Wade v. Mays, Judge,* —— S.W.2d —— (Tex.Cr.App., No. 69,329, delivered February 8, 1985).