**Johnny Dell WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 665–88.**

**Court of Criminal Appeals of Texas, En Banc.**

**Dec. 6, 1989.**

Glenn O. Lewis, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION OF STATE'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Our former opinion in this cause is withdrawn and the following is substituted therefor.

Johnny Dell Williams, henceforth appellant, was convicted by a jury for commit-

---

ting the offense of aggravated robbery and assessed punishment at sixty (60) years' confinement in the Department of Corrections and a $10,000 fine.

On direct appeal, appellant asserted that he did not receive the effective assistance of counsel because his trial counsel failed to adequately and properly investigate the case; in particular he failed to locate and talk to appellant's purported alibi witnesses.

Appellant's court appointed attorney on appeal filed a timely and proper motion for new trial, raising this same contention. Also see *McIntire v. State*, 698 S.W.2d 652 (Tex.Cr.App.1985). No hearing was held on the motion nor is there any evidence that the trial judge ever ruled on the motion for new trial.

The Fort Worth Court of Appeals, in an unpublished opinion, see *Williams v. State*, No. 2–87–090–CR, May 18, 1988, abated the appeal and remanded the cause to the trial court, in order that the trial court could hold a hearing on the motion for new trial.

Originally, this Court refused the State's petition for discretionary review but then granted the State's motion for rehearing on the petition. The State argued that because the law was clear on the issue, this Court should not apply its decision of *Measeles v. State*, 661 S.W.2d 732 (Tex.Cr.App. 1983), which held that "Ordinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals since it does not finally dispose of the case in that court." We adhere to what we held in *Measeles*, and decline the State's invitation to make an exception in this case. In this connection, to the extent that our holding conflicts with this Court's decision of *Dugard v. State*, 688 S.W.2d 524 (Tex.Cr.App. 1985), *Dugard* is expressly overruled. In that regard, we adopt what Judge Clinton stated in the dissenting opinion that he filed in *Dugard:*

> By entering an order merely abating an appeal a court of appeals does not 'decide a case' nor does it deliver 'a written opinion.' Its decision in the case and the reason for that decision awaits outcome of whatever proceeding is to be had in the trial court, reflected in a supplemental record filed in the court of appeals. With that supplemental record before it the court of appeals may then decide the cause with a written opinion giving the reason for its decision, after which the losing party is entitled to seek review by this Court.

Petition for discretionary review refused.

The State's Motion for Rehearing is overruled.

McCORMICK, P.J., and DUNCAN, J., concur in the result.