**Ray MacDONALD d/b/a Aida's Around the Clock Bail Bonds, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–02–00245–CV.**

Court of Appeals of Texas,
El Paso.

May 1, 2003.

Rehearing Overruled June 18, 2003.

Mark T. Davis, El Paso, for appellant.

Jose R. Rodriguez, County Attorney, El Paso, for state.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This case presents the following question: May a court grant the State a new trial in a bond forfeiture proceeding? In accordance with long-standing precedent, we answer this question in the negative.

### Factual and Procedural Background

Jose Federico Castillo and Ray Mac-Donald, doing business as Aida's Around the Clock Bail Bonds, executed a bail bond in the amount of $40,000 to secure Castillo's appearance at trial on charges of indecency with a child and aggravated sexual assault of a child. When Castillo failed to appear, the trial court issued a judgment nisi.

The court subsequently conducted a bond forfeiture hearing at which the State and MacDonald appeared.[1] On December 12, 2001, the trial court signed a "Final Order" vacating the judgment nisi and ordering that the State take nothing. On December 28, 2001, the State filed a "Motion for a New Trial or to Modify, Correct or Reform Its Prior Ruling." The court conducted a hearing on the motion for new trial, and on March 2, 2002, the court sent the parties a letter stating that it intended to set aside the final order and find in favor of the State. The court also stated that it would consider a reduction in the amount of the bond and directed the parties to schedule a hearing, "if necessary," before March 4, 2002. On March 4, 2002, the court signed an "Order Granting Plaintiff's Motion for New Trial or To Modify Prior Ruling." On the same date, the court signed a "Modified Final Order on Judgment Nisi," decreeing that the bond was forfeited and rendering judgment against Castillo and MacDonald for $40,000.

### Issues on Appeal

■ In his first of two issues on appeal, MacDonald argues that the court lacked jurisdiction to grant the State's motion for new trial and that the granting of the motion violated the constitutional prohibitions against double jeopardy. He also argues that the court erred by signing the March 4 orders because he did not have adequate notice and therefore did not have an opportunity to make his double jeopardy objection. As the State notes, Mac-

---

1. At the hearing, MacDonald asserted that the bond was executed to secure Castillo's appearance under an indictment for offenses that occurred in 1994. After the bond was executed, the State dismissed that indictment and indicted Castillo for offenses that oc-curred in 1999. MacDonald argued that the bond was not applicable to the second indictment. The State argued, and an assistant district attorney testified, that the indictments were for the same offenses.

Donald did not raise any of these arguments in the trial court. It is well settled, however, that jurisdictional matters are not subject to waiver and may be raised at any time by the parties or by the court. *See Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App.1981); *Methodist Hosps. v. Texas Workers' Comp. Comm'n*, 874 S.W.2d 144, 149 (Tex.App.-Austin 1994, no writ). Because we find the jurisdictional argument to be dispositive, we need not consider the other issues raised by MacDonald or whether those issues are subject to waiver.

## Discussion

■ It has long been the law in this state that bond forfeiture proceedings are governed by civil rules. *See* TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp. 2003) (providing that such proceedings are "governed by the same rules governing other civil suits"); *Hart v. State*, 13 Tex. App. 555, 557 (1883) (noting that such proceedings are "governed in practice by the same rules as obtain in civil cases"). In civil suits, the trial court may grant a new trial on the motion of either party or on the court's own motion. *See* TEX.R. CIV. P. 320. If a timely motion for new trial is filed, the trial court has plenary power to grant a new trial or to vacate or modify its judgment until thirty days after the motion is overruled. TEX.R. CIV. P. 329b(e).

In this case, the State's motion for new trial was timely filed within thirty days after the trial court's judgment was signed, and the trial court granted the motion within the time allowed by the civil rules. *See* TEX.R. CIV. P. 329b(a), (c), (d). Thus, the State argues that because bond forfeiture proceedings are governed by civil rules, the trial court had plenary power to grant its motion. We disagree.

■ Although article 22.10 of the Code of Criminal Procedure states that a bond forfeiture proceeding is governed by the same rules that govern civil suits, such a proceeding is nevertheless a "criminal case." *Kutzner v. State*, 75 S.W.3d 427, 429 (Tex.Crim.App.2002); *State v. Sellers*, 790 S.W.2d 316, 321 (Tex.Crim.App.1990); *State ex rel. Vance v. Routt*, 571 S.W.2d 903, 906 (Tex.Crim.App.1978); *Jeter v. State*, 86 Tex. 555, 558–59, 26 S.W. 49, 49–50 (1894). Article 22.10 merely prescribes the manner of trial; it does not change the character of the case from criminal into civil. *Sellers*, 790 S.W.2d at 321; *Jeter*, 86 Tex. at 558, 26 S.W. at 49.

■ In criminal cases, there is no common law right to a new trial. *Banks v. State*, 79 Tex.Crim. 508, 510, 186 S.W. 840, 841 (1916). The right is purely statutory. *Id.* Texas statutes previously provided that a new trial could not be granted if the judgment was in favor of the defendant. *See* Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 476; *Perry v. State*, 14 Tex.App. 166, 166 (1883). Construing these statutes, the Court of Criminal Appeals and its predecessor consistently held that a new trial may not be granted on the State's motion or on the court's own motion. *Dugard v. State*, 688 S.W.2d 524, 528 (Tex.Crim.App.1985), *overruled on other grounds by Williams v. State*, 780 S.W.2d 802 (Tex.Crim.App. 1989); *Zaragosa v. State*, 588 S.W.2d 322, 326–27 (Tex.Crim.App.1979); *Perry*, 14 Tex.App. at 166; *see also Bacey v. State*, 990 S.W.2d 319, 336 (Tex.App.-Texarkana 1999, no pet.).

In 1883, the Texas Court of Appeals specifically held that the State cannot be granted a new trial in a bond forfeiture proceeding. *Robertson v. State*, 14 Tex. App. 211, 211 (1883); *Perry*, 14 Tex.App. at 166. *Robertson* and *Perry* were based on two premises. First, statutory language prohibited new trials when the verdict was in favor of the defendant. *Perry*,

14 Tex.App. at 166. Second, the State had no right to appeal in a bond forfeiture proceeding. *Id.* As demonstrated below, both of these premises still hold true.

In recent decades, the Court of Criminal Appeals has briefly discussed *Perry* and *Robertson* twice. *See Sellers,* 790 S.W.2d at 321 n. 5; *Routt,* 571 S.W.2d at 907. In *Routt,* the court had to decide whether the State was entitled to mandamus relief from a trial court's erroneous judgment in a bond forfeiture proceeding. The court first noted that the State could not appeal the ruling. *Routt,* 571 S.W.2d at 907. Then, citing *Perry* and *Robertson,* the court stated, "There is also authority for the proposition that the State may not move for a new trial after the final bond forfeiture and that such an attempt is a nullity." *Id.* The court therefore concluded that the State did not have another adequate remedy for the court's erroneous ruling. *Id.* The issue presented in *Sellers* was whether the State may appeal in a bond forfeiture proceeding. To resolve this issue, the court examined constitutional and statutory history. The court noted that the Texas Constitution of 1876 prohibited the State from appealing in criminal cases. *Sellers,* 790 S.W.2d at 318. Based on this prohibition, courts held that the State could not appeal in bond forfeiture cases, in spite of a statute that expressly authorized the State to appeal in such cases. *Id.* at 318–19; *see also State v. Ward,* 9 Tex.App. 462, 462–63 (1880) (holding that statute authorizing appeal did not render bond forfeiture proceedings civil or negate constitutional prohibition on appeals by the State in criminal cases). The Legislature eventually acceded to the courts' insistence that bond forfeiture proceedings are criminal cases and deleted the statutory provision that allowed the State to appeal. *Sellers,* 790 S.W.2d at 319. After the Texas Constitution was amended to allow the State to appeal cer-

tain rulings in criminal cases, the Legislature did not enact new legislation to authorize appeals by the State in bond forfeiture proceedings. *See* TEX. CONST. art. V, § 26; TEX.CODE CRIM. PROC. ANN. art. 44.42 (Vernon 1979); *Sellers,* 790 S.W.2d at 321. Therefore, the *Sellers* Court held that the State has no right to appeal in these cases. 790 S.W.2d at 321–22.

The court rejected the State's argument that it could appeal pursuant to article 22.10. *Id.* at 321. The State relied on *Roberts v. State,* in which the Fort Worth Court of Appeals held that article 22.10 and Rule of Civil Procedure 320 authorized the State to file a motion for new trial in a bond forfeiture proceeding. *See Roberts v. State,* 749 S.W.2d 624, 625–26 (Tex.App.-Fort Worth 1988, no pet.). In this context, the *Sellers* Court stated:

> *Perry* and *Robertson* had relied upon Article 776 of the 1879 Code of Criminal Procedure, providing that "[a] new trial can in no case be granted where the verdict or judgment has been rendered for the defendant." That article eventually became Article 40.02 of the 1965 Code. Although Article 40.02, supra, was not carried over verbatim into Rule 30 of the new Rules of Appellate Procedure, effective September 1, 1986, that Rule nevertheless provides for new trial only "upon motion of an accused." In any event, even assuming the State is currently authorized to seek a motion for new trial in a bond forfeiture matter pursuant to Article 22.10 and Tex.R.Civ. P., Rule 320—a question we need not decide now—it is still a criminal, not a civil, proceeding.

790 S.W.2d at 321 n. 5. The court thus left open the question of whether *Perry* and *Robertson* are still good law.

We believe that *Perry* and *Robertson* are still good law because we must con-

strue the current rule regarding new trials in criminal cases consistently with the prior statute regarding new trials.

As the *Sellers* Court noted, *Perry* and *Robertson* relied on article 776 of the 1879 Code. Article 40.02 of the 1965 Code was identical to article 776, except that it used the word "accused" in place of "defendant." *See* Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 476. In 1985, the Legislature granted the Court of Criminal Appeals the power to repeal article 40.02 and other statutes governing criminal procedure and to replace them with new rules of procedure. *See* Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472–2473. But the Legislature provided that in exercising this power, the Court of Criminal Appeals could not "abridge, enlarge, or modify the substantive rights of a litigant." *Id.* § 1, 1985 Tex. Gen. Laws at 2472. The court first replaced article 40.02 with Rule 30 of the Texas Rules of Appellate Procedure. *See Sellers*, 790 S.W.2d at 321 n. 5. Rule 30 was later supplanted by Rule 21.1 of the Texas Rules of Appellate Procedure. *See* Tex. R.App. P. 21 Notes & Comments.

Rule 21.1 states, *"New trial* means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex.R.App. P. 21.1. This language is not as clear in prohibiting the State from filing a motion for new trial as the language of article 40.02. But we cannot construe Rule 21.1 in a way that would enlarge the right of the State to a new trial. We therefore construe it, in accordance with prior case law, not to authorize a motion for new trial by the State. *Cf. Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App. 1994) (construing former appellate rule 40(b)(1) in accordance with the statute it replaced so as not to enlarge a defendant's substantive right to appeal).

■ The State suggests that the trial court merely modified its prior judgment and that it had inherent authority to do so. The State points out that it requested the court to modify the judgment as an alternative to granting a new trial, and the court labeled its final judgment as a "Modified Final Order on Judgment Nisi." We note, however, that on the same day that it signed the "Modified Final Order on Judgment Nisi," the court also signed an "Order Granting Plaintiff's Motion for New Trial or To Modify Prior Ruling." This order states that a "new trial should be granted" and that the "Motion for New Trial filed by [the State] is hereby GRANTED." Thus, it is clear that the court granted the State a new trial.[2]

■ Noting that mandamus relief has been granted to correct erroneous rulings in bond forfeiture cases, the State argues that it is judicially inefficient to prohibit trial courts from correcting their own errors. This court is not the proper forum for this argument. The *Sellers* Court suggested that the Legislature is constitutionally empowered to grant a right of appeal

---

**2.** In spite of the prohibition against *sua sponte* new trials, there are cases indicating that trial courts possess inherent power to change some of their rulings in criminal cases. *See, e.g., Awadelkariem v. State*, 974 S.W.2d 721, 728–29 (Tex.Crim.App.1998) (holding that a trial court may rescind an order granting defendant's motion for new trial within 75–day–period allowed for ruling on the defendant's motion). But in cases that have recognized this power, the court exercised the power within the time for ruling on the *defendant's* motion for new trial. *See, e.g., Ware v. State*, 62 S.W.3d 344, 355 n. 5 (Tex. App.-Fort Worth 2001, pet. ref'd). When the defendant does not file a motion for new trial and no party files a notice of appeal, it is unclear how long a trial court has "plenary power" over its judgment in a criminal case. *See id.*

to the State in bond forfeiture proceedings. 790 S.W.2d at 319. The Legislature has the same power with regard to motions for new trial.

For the reasons stated herein, MacDonald's first issue on appeal is sustained, the March 4, 2002 "Order Granting Plaintiff's Motion for New Trial or To Modify Prior Ruling" and "Modified Final Order on Judgment Nisi" are vacated. We need not reach the remaining issue on appeal.

### Conclusion

The trial court's Final Order of December 12, 2001 is affirmed. The Order Granting Plaintiff's Motion for New Trial or To Modify Prior Ruling and Modified Final Order on Judgment Nisi of March 4, 2002 are vacated.