# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00395-CR

**The State of Texas, Appellant**

**v.**

**Billy Moore, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 679565, HONORABLE ELISABETH EARLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals the county court at law's order granting appellee Billy Moore's amended motion for new trial. Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 2005). Because we agree that the court was not authorized to grant the motion, we will reverse the order.

A jury found Moore guilty of driving while intoxicated, for which the court assessed a 100-day term of incarceration. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). Sentence was imposed on March 22, 2005. On March 23, Moore's trial counsel filed a motion for new trial urging that the verdict was contrary to the law and the evidence. On the same day, counsel's motion to withdraw was granted and a new attorney was appointed for appeal.

On May 13, fifty-two days after sentencing, Moore's new attorney filed an amended motion for new trial together with a motion for leave to amend. The amended motion for new trial

alleged that the State failed to disclose material evidence to the defense and challenged the constitutionality of the city ordinance on which the stop leading to Moore's arrest was based. The amended motion was not supported by affidavit. On May 20, Moore's second amended motion for new trial was filed together with a second motion for leave to amend. The second amended motion was substantially identical to the first but was supported by affidavits. The court granted the second motion for leave to amend on the day it was filed. Following a hearing on June 3, the court granted the second amended motion for new trial on the failure to disclose ground only.

A motion for new trial must be filed no later than thirty days after sentence is imposed in open court. Tex. R. App. P. 21.4(a). "[A] defendant may, without leave of court, file one or more amended motions for new trial" within the same thirty-day period if the trial court has not acted on the original motion. Tex. R. App. P. 21.4(b). A motion for new trial cannot be amended after thirty days, even with leave of the court. *Dugard v. State*, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985), *overruled on other grounds*, *Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); *Prudhomme v. State*, 28 S.W.3d 114, 118 (Tex. App.—Texarkana 2000) (order); *Belton v. State*, 900 S.W.2d 886, 902 (Tex. App.—El Paso 1995, pet. ref'd); *Groh v. State*, 725 S.W.2d 282, 285 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). The phrase "without leave of court" in rule 21.4(b) simply means that there is no limitation on the right to amend a motion for new trial within the thirty-day period. *Dugard*, 688 S.W.2d at 530; *see Kalteyer v. Sneed*, 837 S.W.2d 848, 850-51 (Tex. App.—Austin 1992, no writ) (construing substantially similar civil rule).

An untimely motion or amended motion for new trial is a nullity and does not invoke the trial court's jurisdiction. *Breathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989); *Drew*

2

*v. State*, 743 S.W.2d 207, 222-23 (Tex. Crim. App. 1987); *Kiser v. State*, 788 S.W.2d 909, 915 (Tex. App.—Dallas 1990, pet. ref'd).  Although Moore's original motion for new trial was timely, it did not raise the contentions he sought to raise in his untimely amended motions.  At a hearing on a motion for new trial, the defendant may offer evidence only on those grounds that are alleged in the motion.  *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985).

The trial court did not grant Moore's timely original motion for new trial and was not authorized to consider the untimely second amended motion for new trial.  The State's first point of error is sustained.  We need not address points of error two and three.

The order granting Moore's second amended motion for new trial is overruled and the cause is remanded to the trial court.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Reversed and Remanded

Filed:   January 19, 2006

Do Not Publish

3