Ira Edward BOLYARD, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 11–05–00069–CR.

Court of Appeals of Texas,
Eastland.

July 13, 2006.

Samuel Mehaffey, Mehaffey Law Firm, Abilene, for appellant.

James Eidson, Dist. Atty. Crim. Dist. Atty's Office, Patricia Dyer, Asst. Crim. Dist. Atty's Office, Abilene, for appellee.

Panel consists of: McCALL, J., and STRANGE, J., and HILL, J.*

## OPINION

JOHN G. HILL, Justice.

Ira Edward Bolyard, Jr. appeals his conviction by a jury of the offense of burglary of a habitation. The jury, finding an enhancement allegation true, assessed his punishment at twenty-two years in the Texas Department of Criminal Justice, Institutional Division and a fine of $2,500. In addition to allegations that Bolyard entered the complainant's home without her consent, the indictment alleged that he committed the felony offense of criminal mischief by damaging and destroying her personal property:

> [T]o-wit: a 2003 FORD PICKUP TRUCK AND A WATERBED by pouring paint on the 2003 Ford Pickup Truck, cutting the waterbed with an object or objects unknown and did thereby cause pecuniary loss in the amount of fifteen hundred dollars ($1500.00) or more but less than twenty thousand dollars ($20,000.00).

The evidence at trial showed that the damage to the pickup and waterbed was less than $1,500, but that the damage Bolyard did to other property as a result of his pouring paint on the pickup and cutting the waterbed exceeded $1,500, falling within the amount alleged. Alleging a variance between the indictment, the charge, and the proof, Bolyard presents six points on appeal, contending the following: (1) that the evidence was legally and factually in-

---

* John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

sufficient to support his conviction; (2) that the trial court erred in submitting a charge that varied from the language of the indictment, thereby allowing the jury to convict based upon all of the damage caused by Bolyard, not just the damage to the pickup and waterbed; and (3) that the trial court erred by not including in its charge the lesser included offense of criminal mischief. We affirm.

We first consider Bolyard's assertion in points one, two, three, and four that the evidence is legally and factually insufficient because of an alleged variance between the indictment and the proof. Generally, in reviewing the legal sufficiency of the evidence, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case, Bolyard makes no assertion that there is no evidence of the essential elements of the offense for which he was convicted, only that there is no evidence of the offense as it is alleged in the indictment. Since there was sufficient evidence by which a rational trier of fact could have found the essential elements of burglary of a habitation by Bolyard damaging property in the amount necessary to support conviction, the evidence is legally sufficient under the *Jackson* standard.

As noted, Bolyard contends that there is a variance between the indictment and the proof because damage to the pickup and waterbed mentioned in the indictment did not exceed $1,500. However, the evidence does show that damage to the garage resulting from Bolyard's pouring paint on the pickup and damage to the master bedroom caused by his cutting the waterbed resulted in damage totaling more than $1,500. The indictment refers to damage to the complainant caused by Bol-

yard's pouring paint on the pickup and cutting the waterbed. The indictment does not limit such damage to the pickup and the waterbed themselves, and Bolyard presents no authority that it does. Consequently, we conclude that there is no variance.

In order to determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. *Zuniga v. State*, 144 S.W.3d 477, 484–85 (Tex.Crim.App.2004). Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim.App.2000). This court has authority to disagree with the fact-finder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id.* The evidence supporting the elements of the offense, considering only evidence of damage caused by Bolyard's pouring paint on the pickup and cutting the waterbed in an amount over $1,500 and less than $20,000, is not weak. Bolyard does not refer us to any evidence that the damage that he caused by his alleged actions was less than $1,500, only to evidence showing that the total amount of damage to the pickup and waterbed themselves was less than $1,500. Therefore, there is no showing that the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or that the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Bolyard merely repeats his variance claim,

and we have held that there is no variance. We, therefore, hold that the evidence is factually sufficient to support Bolyard's conviction. Bolyard's authorities are all based upon the mistaken premise that there is a variance. We overrule Points of Error Nos. 1, 2, 3, and 4.

Bolyard insists in point five that the trial court erred by not including in the court's charge the indictment's language with respect to the pickup and the waterbed, thereby allowing the jury to consider damage done during the same burglary caused other than by his actions as alleged. Evidence was presented without objection showing that Bolyard caused damage to the complainant in addition to the damage caused by his pouring paint on the pickup or cutting the waterbed. In the charge to the jury, the trial court did not limit the jury's consideration of damage exceeding $1,500 solely to the damage caused by Bolyard's pouring paint on the pickup and cutting the waterbed.

■ We have noted that there is no variance between the allegations of the indictment and the proof presented in support of the indictment. However, there is a variance between the indictment and the court's charge to the jury, which included damages not caused by Bolyard's pouring paint on the pickup or cutting the waterbed. A hypothetically correct charge need not incorporate allegations that give rise to immaterial variances. *Gollihar v. State,* 46 S.W.3d 243, 256 (Tex.Crim.App. 2001). In determining whether a variance is material, we must determine whether the indictment informed Bolyard of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether prosecution under the deficiently drafted indictment would subject him to the risk of being prosecuted later for the same crime. *Id.* at 257.

■ In variance law, the burden of demonstrating surprise or prejudice rests with the defendant. *Santana v. State,* 59 S.W.3d 187, 194 (Tex.Crim.App.2001). Nothing in the record shows that Bolyard's counsel was surprised at trial by the State's presenting evidence of the amount of damage done to property in the complainant's home other than that caused by his pouring paint on the pickup or his cutting the waterbed or that, because of the variance, he was not able to prepare a defense with respect to the amount of damage done to the property not caused by his pouring paint on the pickup or cutting the waterbed. Also, we see no possibility that the variance placed Bolyard at risk of double jeopardy. Accordingly, we hold that Bolyard has not established that the variance was a material one. Consequently, we hold that the trial court did not err in failing to limit the property damaged to that caused by Bolyard's pouring paint on the pickup or cutting the waterbed.

In arguing that it was necessary for the language of the indictment to be included in the court's charge, Bolyard relies on the case of *Curry v. State,* 30 S.W.3d 394, 400 (Tex.Crim.App.2000). The reference to *Curry* is to a review of the court's surplusage cases. However, the court in *Gollihar* subsequently held that it was reaffirming the fatal variance doctrine and was overruling surplusage law and the *Burrell*[1] exception. *Gollihar,* 46 S.W.3d at 256. We, therefore, decline to follow surplusage law in our consideration of Bolyard's point on appeal.

■ Bolyard objected to the trial court's failure to limit the damage to that caused by his actions to which the indictment refers. Consequently, if the trial court did err in not limiting the charge as requested,

1. *Burrell v. State,* 526 S.W.2d 799 (Tex.Crim. App.1975).

we must reverse as long as the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). We must consider the actual degree of harm in light of the entire jury charge, the state of the evidence—including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.* There is undisputed evidence that Bolyard caused damage to the complainant's property in excess of $1,500 but less than $20,000 by pouring paint on her pickup and cutting her waterbed. Neither at trial nor on this appeal has Bolyard ever contended that he did not. Instead, Bolyard relies only on the mistaken assumption that the indictment alleged damage to the pickup and waterbed themselves and did not include damage to other property caused by his actions in damaging those two items. We hold that, given this state of the record, even if the trial court had erred in its charge by including all of the damage done by Bolyard to complainant's property, such error would have been harmless. We overrule point five.

Bolyard contends in point six that the trial court erred by failing to give him a requested instruction on the lesser included offense of criminal mischief. Upon the defendant's request, a lesser included offense instruction shall be included in the jury charge if the requested charge is for a lesser included offense of the charged offense and there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185 (Tex.Crim.App.2006). Bolyard argues that, because the damage to the waterbed and pickup was less than $1,500, there was evidence that the damage suffered by the complainant was in an amount less than $1,500, even though there was no evidence that it was less when all damage caused by Bolyard's alleged actions was considered. Because there was no evidence that the damage Bolyard caused to the complainant's property by Bolyard's alleged actions was in an amount less than $1,500, there was no evidence that, if guilty at all, Bolyard could have been guilty only of the lesser included offense. Bolyard presents no case in support of his assumption that we should include only the damage to the pickup and waterbed in assessing the appropriateness of a charge on the lesser included offense, and we are not aware of any. We overrule point six.

The judgment is affirmed.