Opinion filed December 6, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 6,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00113-CR 

                                                     __________

 

                                     DENNIS
E. BRYANT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                               On
Appeal from the County Court

 

                                                           Ector
County, Texas

 

                                                  Trial
Court Cause No. 05-3950

 



 

                                                                      OPINION

Appellant appeals
from the trial court=s
denial of his motion for new trial.  We affirm.

Background
Facts

A
jury convicted appellant of misdemeanor prostitution.  The trial court
sentenced him to six months in the county jail and a $500 fine probated for
nine months.  Appellant filed a motion for new trial.  After a hearing, the
trial court denied the motion for new trial. 

Issues








Appellant
asserts two issues on appeal.  First, he contends that the trial court abused
its discretion in denying his motion for new trial because he was denied the
effective assistance of counsel at trial.  Second, he contends that the trial
court abused its discretion in denying his motion for new trial because there
was a fatal variance between the information and complaint and the court=s charge to the jury.   In
response, the State contends that the trial court abused its discretion in
allowing appellant to file his amended motion for new trial and conducting an
evidentiary hearing based on that motion. 

Standard
of Review 

A
trial court=s ruling
on a motion for new trial is reviewed for an abuse of discretion.  Lewis v.
State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993).  We do not substitute our judgment
for that of the trial court but, rather, decide whether the trial court=s decision was arbitrary or
unreasonable.   Id.   

Motion
for New Trial Procedure








First,
we note that appellant=s
motion for new trial was not properly before the trial court because it raised
issues not determinable from the record and was not supported by an affidavit. 
The State filed a response to appellant=s
motion for new trial asserting that appellant=s
motion was deficient in form and content because it lacked supporting
affidavits.  The State argued that appellant=s
motion was null and void and that he was not entitled to a hearing on the
motion.  Appellant filed an amended motion for new trial supported by
affidavits asserting the same points as the original motion.  The trial court
held a hearing on appellant=s
motion over the State=s
objection.    A motion for new trial that raises issues not determinable from
the record must be supported by an affidavit either of the accused or someone
else specifically showing the truth of the grounds of attack.  Reyes v.
State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); McIntire v. State,
698 S.W.2d 652, 658 (Tex. Crim. App. 1985).  If a criminal defendant desires to
file a motion for new trial, he must do so within thirty days after his
sentence has been imposed or suspended in open court.  Tex. R. App. P. 21.4.   A motion for new trial can be amended
at any time within the same thirty days so long as the amendment is made before
the court overrules any preceding motion for new trial.  Id.   However,
a motion for new trial cannot be amended after the thirty days, even with leave
of court.  Dugard v. State, 688 S.W.2d 524, 529‑30 (Tex. Crim.
App. 1985), overruled on other grounds by Williams v. State, 780 S.W.2d
802, 803 (Tex. Crim. App. 1989); Prudhomme v. State, 28 S.W.3d 114,
117-18 (Tex. App.CTexarkana
2000, no pet.).  Appellant amended his motion for new trial after the
thirty-day window for filing a motion for new trial had expired.  However,
because the trial court conducted a hearing regarding appellant=s motion for new trial, we
will consider the evidence presented at the hearing.  

Variance

Appellant
argues that there is a fatal variance between the complaint and information and
the charge to the jury.  The complaint and information in this case provide in
relevant part:

DENNIS E. BRYANT,
heretofore, styled the Defendant, did then and there knowingly offer and agree
to engage in sexual conduct, namely sexual intercourse with S. Stanford, for a
fee. 

 

 The jury charge
provides in relevant part:

Now,
if you find from the evidence beyond a reasonable doubt that on or about the
12th day of August, 2005, in Ector County, Texas, the defendant, DENNIS E.
BRYANT, hereafter styled the Defendant, did then and there knowingly offer or
agree to engage in sexual conduct, namely deviate sexual intercourse with S.
Stanford, for a fee, then you will find the defendant guilty.

 

A
variance occurs when there is a difference between the allegations in the
charging instrument and the proof at trial.  Gollihar v. State, 46
S.W.3d 243, 247 (Tex. Crim. App. 2001).  When a variance occurs, the State has
proven the defendant guilty of a crime that varies from the allegations in the
charging instrument.  Id.  A hypothetically correct charge need not
incorporate allegations that give rise to immaterial variances.  Id. at
256.  In determining whether a variance is Amaterial@ or Afatal,@
we must determine whether the indictment sufficiently informed appellant of the
charge against him to allow him to prepare an adequate defense at trial and
whether prosecution under the deficiently drafted indictment would subject him
to the risk of being prosecuted later for the same crime.   Id. at 257. 
The appellant has the burden to show prejudice or surprise.  Bolyard v.
State, 198 S.W.3d 806, 809 (Tex. App.CEastland
2006, no pet.). 








The
record does not show how appellant was surprised at trial by the State=s evidence of deviate
sexual conduct.  Appellant was able to prepare the defensive theory of no
agreement between the parties. Furthermore, there is no possibility that the
variance placed appellant at risk of double jeopardy.  Prostitution occurs when
a person knowingly offers to engage, agrees to engage, or engages in sexual
conduct for a fee. Tex. Penal Code Ann.
' 43.02 (Vernon
2003).  Sexual conduct includes deviate sexual intercourse, sexual contact, and
sexual intercourse.  Tex. Penal Code Ann.
' 43.01(4) (Vernon
2003).  Because sexual conduct includes both deviate sexual intercourse and
sexual intercourse, appellant cannot be charged with prostitution regarding
this incident again.  The variance between the charging instrument and the jury
charge is not material.  The trial court did not err in denying appellant=s motion for new trial. 

Further,
appellant did not object to the variance at trial.  We review harm resulting
from a charge error depending upon whether appellant objected at trial.  If a
timely objection has been made at trial, we search for Asome harm.@ 
However, if the error is urged for the first time on appeal, as in this case,
we must find Aegregious
harm@ in order to
reverse.  Olivas v. State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006);  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  In our review, we
must consider the entire jury charge, the state of the evidence including the
contested issues and weight of the probative evidence, the argument of counsel,
and any other relevant information revealed by the record of the trial as a
whole.  Id.   There is nothing in the record to show how appellant was
egregiously harmed by the variance at trial.  The evidence clearly showed that
the agreement was for deviate sexual intercourse, and trial counsel never
argued that the agreement was for sexual intercourse.  We overrule appellant=s second issue on appeal.

Ineffective
Assistance of Counsel 








 Appellant
asserts in his motion for new trial that he was denied effective assistance of
counsel at trial.  To prevail on a claim of ineffective assistance of counsel,
an appellant must establish that his lawyer=s
performance fell below an objective standard of reasonableness and that there
is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland
v. Washington, 466 U.S. 668, 693-94 (1984); Mallett v. State, 65
S.W.3d 59, 62-63 (Tex. Crim. App. 2001).  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  The purpose of this
two-pronged test is to judge whether counsel=s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v.
State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999) (citing McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)).  The review of defense
counsel=s
representation is highly deferential and presumes that counsel=s actions fell within a
wide range of reasonable professional assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  Appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d). 

Appellant
contends that his trial counsel was ineffective in failing to object to the
variance between the complaint and information and the charge to the jury. 
Appellant=s trial
counsel testified at the hearing on the motion for new trial that he did not
object to the variance because he did not catch it.  As discussed above, the
variance was not fatal; therefore, trial counsel=s
failure to object was not unreasonable. 

Appellant
further contends that his trial counsel was ineffective because (1) he consumed
alcohol before and during the trial, (2) he did not effectively voir dire the
jury, (3) he did not properly exercise his peremptory strikes, and (4) he used
profane language and accusatory cross-examination techniques.   

At
the hearing on the motion for new trial, appellant=s trial counsel testified that he had one
Bloody Mary the morning of appellant=s
trial and a glass of wine at lunch.  Trial counsel stated that the drinks did
not affect his performance as counsel in appellant=s trial.  Appellant testified at the hearing
on the motion for new trial that he smelled alcohol on his trial counsel=s breath the morning of the
trial.  Judge Jerry Don Caddel, the trial judge at appellant=s trial, testified at the
hearing on the motion for new trial.  He testified that his court administrator
informed him after lunch that the prosecutors had told her that they thought
appellant=s trial
counsel had been drinking.  Judge Caddel testified that he observed appellant=s trial counsel throughout
the trial and that Ahis
demeanor was perhaps different than I had ever seen in my court.@  However, Judge Caddel also
testified that many times the demeanor of trial counsel was Atypical West Texas trial. 
What we are used to seeing by attorneys in our local bar.@

Appellant
argues that trial counsel=s
voir dire was so short that it effectively was not a voir dire.  Appellant=s trial counsel testified
that he gave a short voir dire and did not ask any questions because he felt
that the trial court and the State=s
attorney had already covered everything.  He testified that he had sufficient
knowledge to exercise his peremptory challenges.








Appellant
asserts that he and his trial counsel agreed to strike Juror Calloway, but due
to trial counsel=s
errors, Juror Calloway was the foreman of the convicting jury.  Two mistakes
were made seating the jury.  After the seating corrections were made, both the
State=s attorney and
appellant=s trial
counsel agreed that the final jury seated was correct.  At the hearing on the
motion for new trial, appellant=s
trial counsel testified that there was some confusion as to who the proper
jurors were to be called, and he admitted that the confusion could have been
caused by his strike list.  Each side could exercise three peremptory strikes. 
Appellant=s trial
counsel had struck four names on his jury list.  He testified that he was not
sure why he had struck four names.  He stated that Amaybe we changed our minds.@  He testified that he did
not recall appellant telling him to strike Juror Calloway.  Appellant testified
at the hearing that he talked to his trial counsel about striking Juror
Calloway.  Judge Caddel testified that it was never brought to his attention
that Juror Calloway was meant to be a peremptory strike.

Appellant
contends that trial counsel=s
use of the word Ablow
job@ was offensive to
the jury and placed appellant in a bad light.  Appellant=s trial counsel testified that he was getting
the jury used to that language at voir dire because that was the testimony it
was going to hear throughout the trial.  Judge Caddel testified that appellant=s trial counsel presented
the Abizarre@ defensive theory that Aa ten-dollar blow job@ was entrapment as a matter
of law.  He further testified that trial counsel emphatically argued the theory
and was accusatory toward the officer.  However, he also testified that trial
counsel was Aloud,
boisterous, all those things that trial lawyers do when they are trying to make
a point.@  Judge
Caddel also testified that he could not tell how the jury perceived trial
counsel=s demeanor and
trial tactics.








The
record does not demonstrate that trial counsel was deficient.  There is no
evidence that any consumption of alcohol affected trial counsel=s performance at trial. 
There is abundant testimony regarding trial counsel=s trial strategy.  Trial counsel testified
that his defensive theory was that there was no agreement between appellant and
S. Stanford.  He further testified that he believed the State=s case was weak.  The video
of the incident did not have any audio and did not show appellant making any
agreement for sex.  Therefore, the case turned on the credibility of the
witnesses.  The analysis for ineffective assistance of counsel is undertaken in
light of the Atotality
of the representation@
rather than by examining isolated acts or omissions of trial counsel.  Scheanette
v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004); Wilkerson v. State,
726 S.W.2d 542, 548 (Tex. Crim. App. 1986).

There
is nothing in the record to overcome the presumption that counsel=s actions were not 
reasonable trial strategy.  The record does not show a reasonable probability
that the outcome of appellant=s
trial would have been different but for trial counsel=s actions.  Furthermore, appellant has not
demonstrated how his trial counsel=s 
actions undermined the proper functioning of the adversarial process such that
the trial could not have produced a just result.  The trial court did not err
in denying appellant=s
motion for new trial based on ineffective assistance of counsel.  We overrule
appellant=s first
issue on appeal. 

Conclusion

The
trial court=s judgment
is affirmed. 

 

 

RICK STRANGE

JUSTICE 

December 6, 2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.