NO. 07-03-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 28, 2004

_____

TEDDY W. CARTER, II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400267; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Teddy W. Carter, II was convicted by a jury

of aggravated sexual assault and punishment was assessed at 52.5 years confinement.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did file a *pro se* response; however, the State did not favor us with a brief.

Appellant was charged with two counts of sexually assaulting his eight-year-old daughter. The State elected to proceed on only count one of the indictment which allegedly occurred on March 12, 2002. At the time of the incident, the victim (A.C.), her mother, and appellant, who is her biological father, were sleeping on the living room floor. A.C.'s mother was recovering from recent oral surgery and had taken pain medication during the night. According to A.C.'s testimony, she awakened when appellant grabbed her arms, picked her

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

up, and re-positioned her on her side with her back against his front. Appellant turned A.C. face up and rubbed her front "private part" over her clothing. He then pushed the leg opening of her underwear to the side and penetrated her vagina with his finger.

The following morning while appellant was getting ready for work, A.C. told her mother of the incident, who confronted appellant a few days later while A.C. and her siblings were not home. A police report was filed shortly thereafter and A.C. was examined by a sexual assault nurse who testified that the evidence showed A.C. had experienced some type of digital penetration. A.C. also spoke with a forensic interviewer at the Children's Advocacy Center about the incident.

Appellant voluntarily gave a statement in which he denied the incident but admitted he had an alcohol problem and had "no conscious knowledge of doing this." Several days after the alleged assault, he apologized to A.C. at her grandparents' home and told her he never meant to hurt her and would never intentionally hurt her.

By the *Anders* brief, counsel advances six arguable grounds, to-wit: (1) the trial court erred in overruling appellant's objections to the admission of evidence of a prior act committed by him against the victim; (2) the trial court failed to grant appellant's motion for mistrial after it was discussed with Juror Belinda Bridges that she and witness Patricia Salazar, a sexual assault nurse, worked in the same department of the Health Science Center; (3) the trial court erred in denying appellant's objections to the jury verdict of 52.5 years by reaching its decision by lot or compromise; (4) the evidence was legally

insufficient; (5) the evidence was factually insufficient; and (6) trial counsel failed to provide effective assistance of counsel.

By a two-count indictment, appellant was charged with aggravated sexual assaults that occurred on or about March 11, 2002, and February 11, 2002.  Prior to *voir dire*, the State explained to the court that it was proceeding on count one of the indictment (March 11 incident) and reserving count two for a later prosecution.  Defense counsel requested that the State not be permitted to mention count two to which the State responded it would only be offered as an extraneous offense.  The trial court announced, "We'll take that up as it comes up."  The court also advised defense counsel to make a proper objection at the proper time regarding the extraneous offense.

Just prior to A.C. taking the stand, the State attempted but failed to obtain a favorable ruling on admission of the extraneous offense during the guilt/innocence phase. The following morning, the State revisited the issue of admitting the extraneous offense through A.C.'s testimony.  Defense counsel renewed his objection that the extraneous matter be admissible only during the punishment phase.  The objection was overruled.

During the guilt/innocence phase, without any objections from defense counsel, evidence of the extraneous offense was introduced on at least three occasions.  A.C. testified that the first time an assault occurred she had a headache and appellant was supposed to rub her head and instead put his hand on her "front private" and began rubbing. A.C.'s mother testified that when A.C. told her about the March incident she also

told her about a prior incident that allegedly occurred approximately one month earlier. Finally, the sexual assault nurse who examined A.C. testified that A.C. told her appellant had assaulted her twice.

When the State attempts to adduce evidence of extraneous offenses, the defendant must make a timely objection to preserve error for appellate review. Tex. R. App. P. 33.1(a)(1); *see also* Montgomery v. State, 810 S.W.2d 372, 387 (Tex.Cr.App. 1990) (on reh'g). As counsel concedes in the *Anders* brief, he cannot in good faith advance an argument that the admission of the extraneous offense was erroneous.

Counsel's second arguable point addresses the trial court's failure to grant a mistrial after it was discovered that juror Bridges and a witness both worked at the Health Science Center. Counsel further advances argument regarding the trial court's failure to grant a mistrial when the State asked the person who interviewed A.C. at the Children's Advocacy Center whether A.C.'s statements were true and reliable.

During the trial, the State discovered that juror Bridges worked in the same department as the sexual assault nurse that was scheduled to testify. Out of an abundance of caution, Bridges was questioned on *voir dire* and explained that she did not work in the same building as the nurse and had no prior knowledge of the case. She also testified she could be fair and impartial and would not have any bias for or against the nurse's testimony. Defense counsel's request for mistrial was denied.

The denial of a motion for mistrial is reviewed for abuse of discretion. Simpson v. State, 119 S.W.3d 262, 272 (Tex.Cr.App. 2003). In denying the motion, the trial court announced that both sides had ample opportunity to question Bridges about her occupation during *voir dire*. The trial court concluded that because Bridges testified she had no prior knowledge of the case and could be fair and impartial, it was not a problem for her to serve as a juror. Thus, the court did not abuse its discretion in denying appellant's motion.

Counsel also argues that the State's question asking for an opinion from the interviewer at the Children's Advocacy Center regarding the truth and reliability of A.C.'s statements was improper. Two of defense counsel's objections to the State's questions were sustained. However, counsel did not request any other relief. The proper sequence for preserving error in the admission of improperly offered evidence is to (1) timely object; (2) obtain a ruling; (3) move for an instruction to disregard; and (4) move for mistrial. De Russe v. State, 579 S.W.2d 224, 236 (Tex.Cr.App. 1979). Defense counsel did not preserve this complaint for review and because all the relief requested was granted, no complaint may be entertained on appeal regarding the testimony of the interviewer regarding the truth and reliability of A.C.'s statements. McCoy v. State, 10 S.W.3d 50, 55 (Tex.App.–Amarillo 1999, no pet.).

Another arguable ground advanced by counsel is the trial court's denial of appellant's request for a mistrial following the jury's punishment verdict of 52.5 years confinement. Defense counsel argued the verdict was reached by lot. Any allegation of

6

jury misconduct must be raised by motion for new trial and supported by a juror's affidavit. Dugard v. State, 688 S.W.2d 524, 529 (Tex.Cr.App. 1985), *overruled on other grounds*, 780 S.W.2d 802 (Tex.Cr.App. 1989); *see also* Tex. R. App. P. 21.3. Although appellant raised jury misconduct in the jury's verdict of 52.5 years confinement by motion for new trial, the motion was unaccompanied by an affidavit. Thus, no error is presented in the trial court's denial of a motion for new trial.

Counsel also evaluates the legal and factual sufficiency of the evidence in determining that no good faith argument can be advanced. A person commits aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child younger than 14 years of age by any means. Tex. Pen. Code Ann. § 22.021(a)(1)(B) & (a)(2)(B) (Vernon Supp. 2004). Moreover, the testimony of a child sexual assault victim alone is sufficient to support a conviction for aggravated sexual assault. Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Pamph. Supp. 2004); Perez v. State, 113 S.W.3d 819, 838 (Tex.App.–Austin 2003, pet. ref'd). The jury is the exclusive judge of the facts and the weight to be given their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon Pamph. Supp. 2004). A.C. testified in detail that appellant rubbed her "front private part" over her clothing and then pushed the leg opening of her underwear aside and penetrated her vagina with his finger. A.C.'s mother testified as an outcry witness that A.C. described the incident to her the following morning. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Pamph. Supp. 2004). The medical evidence also supported A.C.'s claim of digital penetration. Thus, reviewing the evidence under Jackson v. Virginia, 443 U.S. 307, 319,

99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000), we agree with counsel that sufficient evidence was presented to support appellant's conviction.

Finally, counsel evaluates numerous instances of ineffective assistance of trial counsel both in acts of commission and omission. He concludes, however, that claims of ineffective assistance of counsel will most likely be fruitless under the standard of review required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Counsel further adds that as the Court noted in *Mitchell*, rarely will the record on direct appeal be sufficient to show that counsel's conduct was so deficient as to meet the first prong of *Strickland* as the "reasonableness of counsel's choices often involves facts that do not appear in the record." 68 S.W.3d at 642. An application for a post-conviction writ of habeas corpus is the appropriate manner in which to raise and develop claims based on ineffective assistance of counsel. *Id*.

By his *pro se* response, appellant asserts eight errors in the trial court, to-wit: (1) error in the admission of his statement; (2) error in the admission of an extraneous offense; (3) the prosecution withheld testimony that would have established his innocence; (4) the evidence is legally and factually insufficient; (5) improper and prejudicial opinion testimony from a State's witness on the truth and reliability of A.C.'s statements; (6) prosecutorial misconduct in "name calling" and inflammatory remarks; (7) denial of the right of allocution

8

prior to the imposition of sentence; and (8) ineffective assistance of counsel.  Contentions two, four, five, and eight were reviewed under counsel's arguable grounds and we need not address them again.

By his first contention, appellant alleges error in the admission of his voluntary statement.  We disagree.  Within two weeks of A.C. being assaulted, appellant voluntarily went to the police department to give a statement.  The detective who interviewed him testified that although appellant was not in custody he was read his rights prior to giving his statement.  In addition to admitting he had an alcohol problem, appellant stated:

> There will not be another time that my daughter comes in and sleeps with us. I don't even know that I did this.  I am not saying that my daughter is lying, but I have no conscious knowledge of doing this.

During the detective's testimony, the State offered appellant's statement into evidence to which defense counsel replied, "[n]o objection."

To preserve error for appellate review in the admission of a defendant's statement, a timely objection is required.  Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1).  Defense counsel affirmatively stated he had no objection to the admission of appellant's statement.  Thus, the contention is not preserved for review.

Appellant next contends the prosecution withheld testimony that would have established his innocence.  He argues that A.C. told witnesses for the State that appellant

9

was asleep at the time he allegedly assaulted her and that only on cross-examination was she questioned on the matter.

Under article 2.01 of the Texas Code of Criminal Procedure, a district attorney shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused. However, it is defense counsel's duty and not the prosecutor's to ask questions calculated to elicit the desired information. *Cf.* Armstrong v. State, 897 S.W.2d 361 (Tex.Cr.App. 1995) (finding no juror misconduct because defense counsel did not ask the questions necessary to bring out the desired information). Moreover, during A.C.'s cross-examination defense counsel asked several times whether appellant was asleep. Three times she answered that she did not know and in response to the following, "Are you pretty sure he was asleep when this happened, though," she replied, "I think so." The record does not establish that the State acted improperly in its examination of A.C. Appellant's contention is without merit.

By his sixth contention appellant asserts prosecutorial misconduct in "name calling" and inflammatory remarks, and by his seventh complaint contends he was denied the right of allocution prior to the imposition of sentence. We disagree with both contentions. Appellant complains of the prosecutor's final remarks during jury argument when she stated, "we will not tolerate child molesters." No objection was made to the comment. To preserve error in improper jury argument, a defendant must object, request an instruction to disregard, and move for mistrial. Cockrell v. State 933 S.W.2d 73, 89 (Tex.Cr.App.

10

1996); Cook v. State, 858 S.W.2d 467, 473 (Tex.Cr.App. 1993). Error, if any, was not preserved for review.

Article 42.07 of the Texas Code of Criminal Procedure provides that before pronouncing sentence, the defendant shall be asked whether he has anything to say why sentence should not be pronounced. Appellant contends he was denied this right. The record, however, demonstrates that after announcing the sentence, the court asked, "[i]s there any reason why sentence should not be pronounced today other than what you've suggested already"? Defense counsel answered, "[n]o, sir." This contention is also meritless.

By the *Anders* brief, counsel raised numerous claims of ineffective assistance of trial counsel and relying on recent decisions from the Court of Criminal Appeals conceded that the claims are difficult to review on direct appeal. Appellant raises 18 claims of ineffective assistance in his *pro se* response, some of which overlap with counsel's. As stated previously, the appropriate vehicle for developing a record to support ineffective assistance claims is by filing a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004). However, there is no right to counsel to mount a collateral attack on a conviction. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Ex parte Graves, 70 S.W.3d 103, 111 (Tex.Cr.App. 2002).

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See*

11

Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.