NO. 07-06-0480-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 10, 2007



______________________________




EDWARD L. MARTINEZ,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-405,843; HON. CECIL G. PURYEAR, PRESIDING



______________________________



Memorandum Opinion


______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Edward L. Martinez (appellant) appeals from the findings of fact and conclusions of
law rendered by the trial court after conducting a hearing pursuant to this court's abatement
order. We dismiss the appeal for want of jurisdiction.

 The trial court held a hearing on November 6, 2006, pursuant to this court's
abatement order to determine whether appellant was represented on appeal and if not then
whether he was entitled to appointed counsel. The trial court, after conducting the hearing, 
filed "Findings of Fact and Conclusions of Law" as directed with the trial court clerk on
November 6, 2006. Appellant filed his notice of appeal from these findings on December
6, 2006. On December 14, 2006, this court directed appellant "to file any documents or
matters considered necessary for the Court to determine its appellate jurisdiction" with this
Court no later than January 8, 2007. To date appellant has failed to respond.

 The Court of Criminal Appeals, in Williams v. State, 780 S.W.2d 802, 803 (Tex.
Crim. App.1989), held that "by entering an order merely abating an appeal a court of
appeals does not 'decide a case,'" therefore, it is an interlocutory order which is not final
nor appealable. The trial court's findings are a result of the abatement hearing and
address matters directed by this court. It, too, does not "decide" the case and therefore
is interlocutory and non-appealable.

 Accordingly, we dismiss appellant's appeal from the trial court's findings issued from
the November 6, 2006 abatement hearing.

 Per Curiam


Do not publish.

 



aced or that an attorney
should be appointed to represent her on appeal, the court should cause the clerk of this
court to be furnished the name, address, and State Bar of Texas identification number of
the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the clerk's record or the
reporter's record. In the absence of a request for extension of time from the trial court, the
clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this
order, and any additional proceeding records, including any orders, findings, conclusions
and recommendations, are to be sent so as to be received by the clerk of this court not
later than July 29, 2002. 

 

 Per Curiam

Do not publish.