

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALBERTO MONTELONGO, | § | No. 08-16-00001-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20150D02224) |

**O P I N I O N**

This appeal is before us for the third time. Our focus here is on the trial court's findings, made following a new trial hearing, that Appellant Alberto Montelongo's trial counsel did not perform deficiently in representing Appellant in his criminal trial. In our initial opinion, we held that Appellant failed to preserve the issue of whether the trial court erred by failing to conduct a hearing on his motion for a new trial. And based just on the trial record, we concluded that he was not denied effective assistance of counsel or denied a fair trial based on the trial court's conduct during jury selection. *See Montelongo v. State*, No. 08-16-00001-CR, 2018 WL 4178520 (Tex.App.--El Paso July 2, 2018), *rev'd*, 623 S.W.3d 819 (Tex.Crim.App. 2021). The Court of Criminal Appeals held we erred by finding Appellant had not preserved his claim over the trial court's failure to conduct a hearing on his motion for a new trial. *Montelongo v. State*, 623 S.W.3d

819, 824-25 (Tex.Crim.App. 2021). On remand, we found the trial court erred by not holding a hearing on Appellant's motion for a new trial. We abated the appeal, and remanded the case to the trial court with directions that it hold an evidentiary hearing to make findings of fact relevant to Appellant's claims of ineffective assistance of counsel. *Montelongo v. State*, 631 S.W.3d 734, 738 (Tex.App.--El Paso 2021, no pet.). Having complied with our directions, the trial court issued its findings of fact. We now find that Appellant was not deprived of effective assistance of counsel and affirm the trial court's denial of his motion for a new trial.

## I. BACKGROUND

We provided the detailed procedural and factual background of this matter in our original opinion. *Montelongo*, 2018 WL 4178520, at *1-2. As a result, here we only provide the background details necessary to the disposition of this appeal.

A jury convicted Appellant of attempted capital murder of multiple persons and assault with bodily injury of a family member twice within twelve months; he was sentenced to confinement for 99 years and ten years, respectively. Appellant filed a motion for a new trial alleging he was denied effective assistance of counsel because his trial counsel provided a deficient defense. He also alleged that trial counsel did not zealously represent him out of fear of the trial judge—that judge had fined his counsel $500 for contempt of court and threatened to hold counsel in contempt on multiple other occasions throughout the trial. Appellant incorporated an affidavit from his trial counsel into his motion for a new trial that claimed, among other things, that he did not zealously represent Appellant because he was fearful of being held in contempt and incarcerated.

Appellant scheduled an evidentiary hearing for his motion for a new trial, but the trial court sua sponte canceled the hearing without explanation. The motion for a new trial was overruled by

operation of law when the trial court did not rule on it within seventy-five days. *See* TEX.R.APP.P. 21.8(c).

We affirmed the trial court's denial of the motion for a new trial in our initial opinion. We held that Appellant had waived the issue of whether the trial court abused its discretion by failing to hold a hearing because there was no evidence "showing [his] efforts to reschedule the hearing on his motion for new trial." *Montelongo*, 2018 WL 4178520, at *2. Because trial counsel's affidavit was not introduced during a hearing, we did not consider it as evidence. *Id.* We concluded that "[i]n light of [the] undeveloped record which [did] not include trial counsel's explanations" for his trial performance, that Appellant had failed to meet his burden of proving that his counsel's performance was so deficient to have rendered him ineffective. *Id*. at *7. Finally, we held the trial court's actions during jury selection, including admonishing prospective jurors about their answers during voir dire and accusing prospective jurors of attempting to avoid jury duty, did not have a chilling effect on the jurors or deprive Appellant of a fair and impartial trial. *Id.* at *9-10.

The Court of Criminal Appeals, however, disagreed holding "that timely filing and presenting a motion for new trial that requests a hearing preserves, for appellate review, the issue of whether the trial court abuses its discretion in failing to hold such a hearing." *Montelongo*, 623 S.W.3d at 821. On remand, we found there was a substantial fact question about trial counsel's effectiveness "justifying the need for a new trial hearing, and that the trial court erred by failing to hold a hearing." *Montelongo*, 631 S.W.3d at 738. So we abated the appeal and remanded the case to the trial court to hold a new trial hearing and make findings of fact about the effectiveness of Appellant's trial counsel. *Id.* at 738-39.

The trial court—now presided over by a different judge than when Appellant's trial was held—heard testimony from Appellant's trial counsel and Appellant's mother at a hearing on the

3

motion for a new trial. The trial court also accepted into evidence trial counsel's affidavit attached to the motion for a new trial and an affidavit executed by Appellant's investigator. The trial court then issued the following findings of fact relevant to this appeal:

16. At the time of Montelongo's trial in 2015, attorney Cervantes had been a lawyer for almost 40 years and tried more than 100 cases.

17. At the conclusion of jury selection, and out of the presence of the 12 selected jurors (who had been released for the weekend), Judge Aguilar held attorney Cervantes in contempt for interrupting while the judge was addressing the remainder of the jury panel.

18. The Court finds credible attorney Cervantes' testimony and assertion in his affidavit that, "After this experience [being held in contempt at the conclusion of jury selection], I felt very intimidated."

19. The Court further finds credible attorney Cervantes' testimony and assertion in his affidavit that, "As the trial progressed I became more and more intimidated."

20. The Court, however, finds not credible the testimony and assertions of attorney Cervantes—a lawyer with approximately 40 years of experience who had tried more than 100 cases—that any of his subsequent actions and omissions during trial were solely the product of such fear of, or intimidation by, Judge Aguilar.

21. The Court further finds not credible the testimony and assertions of attorney Cervantes that after being held in contempt at the conclusion of jury selection, he thereafter engaged in a repeated pattern of advancing his own personal interests to the detriment of Montelongo.

. . . .

28. The Court finds credible attorney Cervantes' testimony that his decision to not call his firearms expert as a witness was a matter of trial strategy, based on Cervantes' belief that the expert's testimony "was going to be more damaging than favorable."

29. The Court finds not credible attorney Cervantes' testimony that his decision to not call the firearms expert as a witness was because he (Cervantes) was afraid of Judge Aguilar.

30. The Court finds credible attorney Cervantes' testimony that his decision to limit the number of witnesses he called during the punishment stage of trial

4

was a matter of trial strategy, based on Cervantes' believe [sic] that such witnesses (members of Montelongo's family) were biased against the victim, as well as his belief that calling additional family members to testify would have been merely repetitive.

31.  The Court finds not credible attorney Cervantes' testimony that he limited the number of punishment witnesses he called during the punishment stage of trial because he was intimidated by Judge Aguilar.

32.  At the hearing on Montelongo's motion for new trial, Montelongo presented no evidence as to what specific, additional testimony or evidence attorney Cervantes could have, but failed, to elicit or introduce at the punishment stage of trial.

33.  The Court finds not credible attorney Cervantes' testimony that he did not—after Judge Aguilar had twice sustained the prosecutor's objections that Cervantes' questions assumed facts not in evidence—pursue his cross examination of victim Parra regarding whether or not she had grabbed Montelongo's gun because he (Cervantes) was afraid of Judge Aguilar. Rather, the Court finds credible attorney Cervantes' testimony that he (Cervantes) ceased that line of questioning because Judge Aguilar "wasn't giving me anywhere to go with it. Because every time I would try to do it, he would sustain their objections, even though I felt it was a different question."

34.  The Court further finds that despite attorney Cervantes' testimony as to whether victim Parra grabbed the gun was crucial to Montelongo's defensive theories of accidental discharge and/or self-defense in this case, the record shows that attorney Cervantes did in fact elicit from victim Parra whether or not she had actually grabbed Montelongo's gun. *See* (RR5 at 97-103—where victim Parra, upon cross-examination by attorney Cervantes, unequivocally testified—upon questioning by attorney Cervantes—that she did not grab Montelongo's gun until after Montelongo had already shot victim Rodriguez and had again pulled the trigger in an attempt to shoot victim Parra).

35.  As such, any inability to further develop Montelongo's accidental-discharge or self-defense theories was not the result of attorney Cervantes' fear or, or intimidation by, Judge Aguilar; rather, the evidence (specifically the testimony of victim Parra) simply did not support any such defensive theories.

36.  At the hearing on Montelongo's motion for new trial, Montelongo presented no evidence as to what specific, additional testimony or evidence attorney

5

Cervantes failed to elicit, or was prevented from eliciting, from victim Parra.

37.     The Court finds not credible attorney Cervantes' testimony that he did not make a bill or proffer of evidence from victim Parra outside the presence of the jury after Judge Aguilar sustained the State's objections because he (Cervantes) feared, or was intimidated by, Judge Aguilar.

. . . .

43.     The Court finds not credible attorney Cervantes' testimony that he did not object to the prosecutors' jury arguments at the punishment stage of trial that whatever sentences the jury returned on the two counts would run concurrently because he (Cervantes) was intimidated by Judge Aguilar, as the record shows that Cervantes made other objections to the prosecutors' punishment stage arguments.

44.     In his closing argument to the jury at the punishment stage of trial, attorney Cervantes instructed the jurors as to how (in his opinion) the parole law would be applied to Montelongo.

45.     In his closing argument at the punishment stage of trial, the prosecutor read a portion of the Court's parole-law instruction submitted in the jury charge and instructed the jurors to refer to the Court's charge if they had any questions about the application of the parole laws. The Court finds that this argument was in response to attorney Cervantes' argument purporting to instruct the jurors how, in his (Cervantes') opinion, the parole law would be applied to Montelongo.

46.     The Court finds not credible attorney Cervantes' testimony that he did not object to the prosecutor's closing argument at the punishment stage of trial regarding the parole laws because he (Cervantes) was intimidated by Judge Aguilar.

47.     The Court finds credible attorney Cervantes' testimony that he believed the jurors picked up on Judge Aguilar's expressions of disapproval of him and that the jurors held such disapproval of him against Montelongo.

. . . .

49.     As such, the Court further finds—to any extent attorney Cervantes' testimony that he failed to object or otherwise engage in conduct so as to avoid angering the judge is credited—that the experienced attorney Cervantes engaged in such conduct so as to better serve Montelongo; in other words, that attorney Cervantes believed it was in Montelongo's best

6

interest, and not to Montelongo's detriment, that he (Cervantes) attempt[ed] to avoid raising the ire of Judge Aguilar during trial.

50.    The Court therefore finds that attorney Cervantes' assertions of self-interest in not angering Judge Aguilar were not adverse to Montelongo's interest during trial, as any attempts to avoid angering Judge Aguilar were of benefit to both attorney Cervantes and Montelongo, and attorney Cervantes therefore did not advance his own self-interests during trial to the detriment of Montelongo. [all internal record cites omitted]

Both parties supplemented their briefs to the Court after the trial court issued its findings of fact. Appellant now presents three issues for our consideration. In his first issue, Appellant claims his trial counsel was ineffective under *Cuyler v. Sullivan*, 446 U.S. 335 (1980) because he had an actual conflict of interest by protecting himself from an abusive judge. In his second issue, Appellant argues his trial counsel was ineffective under the traditional two-part ineffective assistance of counsel standard in *Strickland v. Washington*, 466 U.S. 668 (1984). Whether proceeding under *Cuyler* or *Strickland*, Appellant identifies four shortcomings of his trial counsel for us to consider: (1) he failed to pursue the defense theory that the gun accidentally discharged when the victim, Angela Parra, grabbed the gun from Appellant; (2) he failed to call the defense's ballistics expert witness; (3) he failed to object to improper jury arguments during the punishment stage of trial; and (4) he failed to call available witnesses during the punishment stage of trial. In his third issue, Appellant argues this Court should disregard the trial court's findings of fact because they are clearly erroneous and not plausible considering the entire record.

## II. STANDARD OF REVIEW

Because Appellant made his claim of ineffective assistance of counsel in a motion for a new trial, we must determine whether the trial court erred in denying that motion. *See Freeman v. State*, 340 S.W.3d 717, 732 (Tex.Crim.App. 2011). We review a trial court's denial of a motion for a new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly

7

erroneous and arbitrary. *Id*. A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007). As fact finder, the trial court is the sole judge of the credibility of witnesses testifying at a hearing, including when one is held on a motion for a new trial. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex.Crim.App. 2013). We review the trial court's determination of historical fact for an abuse of discretion, as well as mixed questions of law and fact that turn on an evaluation of the credibility and demeanor of witnesses, affording almost total deference to the trial court's findings if supported by the record. *Id.; Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We cannot substitute our judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex.Crim.App. 2010).

### III. DISCUSSION

### A. The record supports the trial court's factual findings

In his third issue, Appellant argues the trial court's factual findings are "clearly erroneous and not plausible in light of the entire record." We consider Appellant's third issue first because the trial court's factual findings are central to the remaining two issues.

Generally, the trial court, "who observes the demeanor and appearance of the witnesses, is in a better position to determine their credibility than the appellate court is by reading their testimony as it appears in the record." *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). As a result, we are instructed to give almost total deference to a trial court's determination of historical facts supported by the record, "especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman,* 955 S.W.2d at 89.

Despite this required level of deference, Appellant insists in his third issue that we should disregard the factual findings in this case. He broadly claims there is a conflict between the trial court's finding that his trial counsel was intimidated and feared the trial court judge and that the intimidation and fear did not adversely affect his defense. How, asks Appellant, could an attorney's fear of a trial court judge not affect his decisions or trial strategy? But the trial court explained its reasoning in its findings of fact:

20. The Court, however, finds not credible the testimony and assertions of attorney Cervantes—a lawyer with approximately 40 years of experience who had tried more than 100 cases—that any of his subsequent actions and omissions during trial were solely the product of such fear of, or intimidation by, Judge Aguilar.

This finding is supported in the record by trial counsel's testimony about his professional experience at the motion for a new trial hearing. Thus, the trial court's determination that Appellant's experienced trial counsel did not let the actions of a trial court judge impact the representation of his client is entitled to almost total deference by this Court.

The record also supports the trial court's specific factual findings relevant to this appeal. Its finding that trial counsel did not call an expert witness as a trial strategy, for example, is supported by his testimony that he "felt that [the expert's] testimony was going to be more damaging than favorable" and he "didn't want the jury to be misled." Similarly, the trial court found that trial counsel limited punishment witnesses because he testified he felt the witnesses were biased as they "had a real beef going on with" the victim. He also felt his "direct examination of these witnesses was limited under the character evidence rule" of evidence.

Nor did the trial court believe trial counsel's testimony that he failed to pursue a vigorous cross examination of the victim about grabbing the gun from Appellant before he shot it because he was afraid of the trial court. Instead, the trial court believed counsel abandoned the line of

9

questioning because the theory was not supported by the evidence at trial. And this finding is supported by the record. The victim told the jury during trial counsel's cross examination that she did not grab the gun until after Appellant fired it:

> Q. ([Trial Counsel]) So what you are telling the ladies and gentlemen of the jury is you never reached for the weapon before he fired it?
> A. No.
>
> Q. Okay.
>
> A. After.

The record also supports the trial court's factual finding that trial counsel's failure to object to the State's closing argument at the punishment stage of trial was not due to his fear of the trial court. The trial court did not believe trial counsel was afraid to object because in fact he made an objection during closing arguments. The record shows the trial court overruled trial counsel's objection to argument outside the record without repercussion.

To challenge the trial court findings, Appellant relies on testimony from trial counsel that his representation of Appellant was colored by his fear of the trial judge. But the trial court, which witnessed the demeanor and appearance of Appellant's trial counsel, was in the best position to judge his credibility. And as the sole trier of fact and judge of credibility during the motion for a new trial hearing, the trial court was free to believe or disbelieve any or all of trial counsel's testimony. *See State v. Garcia*, No. 08-10-00362-CR, 2012 WL 3025924, at *4 (Tex.App.--El Paso July 25, 2012, pet. ref'd) (not designated for publication). Based on its findings, the trial court did not believe trial counsel's actions (or inactions) during Appellant's trial resulted from any intimidation or fear of the trial court judge. It instead found that trial counsel's decisions were based on trial strategy or dictated by the direction of the trial. Because the record supports its

10

findings, we must give them almost total deference. Consequently, we overrule Appellant's third issue.

## B. Ineffective assistance of counsel under *Cuyler*

In his first issue, Appellant claims that he was deprived of effective assistance of counsel because his trial counsel developed an actual conflict of interest that adversely affected his performance during trial. He argues the trial judge's intimidation tactics and threats of contempt required his trial counsel to forego strategies that would have advanced Appellant's defense because he needed to protect himself.

### 1. Applicable Law

We described the standard for ineffective assistance of counsel based on an actual conflict of interest in our initial opinion. *See Montelongo,* 2018 WL 4178520, at *3-4. That standard still applies. In brief, an actual conflict of interest that adversely affects a lawyer's performance is one way a counsel's assistance may be rendered constitutionally ineffective. *Strickland*, 466 U.S. at 684-85. To establish ineffective assistance of counsel due to counsel's conflict of interest, an appellant must show that counsel had an actual conflict of interest and the conflict colored counsel's actions during trial. *Acosta v. State*, 233 S.W.3d 349, 356 (Tex.Crim.App. 2007) (adopting the rule set out in *Cuyler*, 446 U.S. at 349-50). "[A]n 'actual conflict of interest' exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest." *Id.* at 355, *citing Monreal v. State*, 947 S.W.2d 559, 564 (Tex.Crim.App. 1997). A mere possibility of a conflict of interest cannot overturn a criminal conviction. *See Cuyler*, 446 U.S. at 350. A defendant who did not object at trial must demonstrate by a preponderance of the evidence that an actual

11

conflict of interest adversely affected counsel's performance. *Id.* at 358 (Marshall, J., concurring); *Odelugo v. State*, 443 S.W.3d 131, 136-37 (Tex.Crim.App. 2014).

### 2. *Preservation of the Issue*

To begin, the State argues that Appellant did not raise a *Cuyler* ineffective assistance of counsel claim in his motion for a new trial. It asserts that Appellant raised the issue for the first time at the hearing on the motion, which, because it occurred more than thirty days after the trial court imposed a sentence, was untimely under Texas Rule of Appellate Procedure 21.4(b). We disagree.

A defendant's motion for a new trial must be filed "no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX.R.APP.P. 21.4(a). A motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion. *State v. Frias*, 511 S.W.3d 797, 807 (Tex.App.--El Paso 2016, pet. ref'd). The accused must allege enough detail to give the other party and the trial court notice of what is being complained of so they can properly prepare for the hearing. *Id.*, *citing State v. Zalman*, 400 S.W.3d 590, 594 (Tex.Crim.App. 2013).

It is undisputed here that Appellant timely filed his motion for a new trial within thirty days of being sentenced. In his motion for a new trial, Appellant stated the trial court held his trial counsel in contempt and threatened to hold him in contempt more than once throughout the trial. He alleged that "[a]s a result of the court's contempt finding and the numerous warnings throughout the trial, defense counsel failed to effectively and zealously represent" Appellant. Appellant also attached and incorporated by reference his trial counsel's affidavit into his motion for a new trial. *See Dugard v. State*, 688 S.W.2d 524, 529 (Tex.Crim.App. 1985), *overruled on other grounds by Williams v. State*, 780 S.W.2d 802 (Tex.Crim.App. 1989) (stating that a juror's

12

affidavit attached to a motion for a new trial is a part of the pleading). In his affidavit, trial counsel detailed how the trial court's contempt holding and threats intimidated him. He stated that because he "was fearful of being held in contempt and incarcerated, [he] did not zealously represent" Appellant. He also provided several examples of when his fear of the trial court judge impacted his representation. We hold this was sufficient detail to give the State and the trial court judge notice of Appellant's ineffective-assistance-of-counsel claim under *Cuyler*. It was, therefore, timely raised under Rule 21.4.

### 3. *Analysis*

Appellant argues his trial counsel developed an actual conflict of interest as early as voir dire when the trial judge began to threaten him over the form of his examination of the jury panel. And the intimidation and fear grew as the trial progressed, according to Appellant, when the trial judge fined his trial counsel $500 at the end of voir dire, threatened him with contempt several times, and continually admonished him in front of the jury. Appellant claims his trial counsel acted in fear of "being confined in jail or fined an unreasonable amount," which caused him "to intentionally and knowingly forego strategies that would have advanced" Appellant's interests. He argues his trial counsel's conflict of interest caused him to make four trial errors: 1) he failed to pursue the defense theory that the gun accidentally discharged when the victim, Angela Parra, had grabbed the gun from Appellant; 2) he failed to call the defense's ballistics expert witness; 3) he failed to object to improper jury arguments during the punishment stage of trial; and 4) he failed to call available witnesses during the punishment stage of trial.

Yet even if a conflict of interest existed, under the trial court's findings, we would find that it did not color trial counsel's representation of Appellant at trial—an essential element of the *Cuyler* analysis. *See Acosta*, 233 S.W.3d at 356 (stating that to establish ineffective assistance of

13

counsel under *Cuyler*, an appellant must prove that counsel had an actual conflict of interest, *and* the conflict colored counsel's actions during trial). As discussed, the trial court did not find it credible that trial counsel—who has approximately forty years of experience as an attorney and has tried over 100 cases—allowed a trial judge's tactics to impact his representation. The trial court further found that the specific trial decisions Appellant complains of were not dictated by trial counsel's fear of the trial court judge, but were made for strategic reasons intended to further Appellant's defense. As a result, we hold that trial counsel's conduct was not colored by preserving his self-interest. Appellant's first issue, therefore, is overruled.

### C. Ineffective assistance of counsel under *Strickland*

In his second issue, Appellant complains he was denied effective assistance of counsel because his trial counsel's deficient performance prejudiced his defense. Appellant claims his trial counsel was ineffective for the same four deficiencies he identified in his first issue. We will discuss each in turn after outlining the applicable law.

#### 1. Applicable Law

When no actual conflict of interests exists, we analyze an ineffective assistance of counsel claim under the well-established standard in *Strickland*. *See Acosta*, 233 S.W.3d at 355-56. To prevail under this standard, "a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex.Crim.App. 2018). To do so, a defendant must show that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's deficiency the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *see Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The two prongs of the

*Strickland* test need not be analyzed in order, and an appellant's failure to satisfy either prong defeats a claim of ineffective assistance of counsel. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001), *citing Strickland*, 466 U.S. at 697.

Our review of counsel's representation is highly deferential, and we presume that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). Absent evidence of counsel's strategic motivations for his actions at trial, we indulge a strong presumption that counsel rendered adequate assistance and that his actions resulted from a sound trial strategy. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). A defendant bears the burden of proving both elements by a preponderance of the evidence. *Id.*

2. *Failure to pursue a defense theory*

Appellant argues that his trial counsel's performance fell below the objective standard of reasonableness because he failed to pursue his defense theory that the gun was accidentally discharged when Parra grabbed it from him. We disagree. The record shows that while trial counsel struggled to overcome the State's objections to his cross-examination of Parra, he elicited from her that she did not grab the gun from Appellant before he shot it. Thus, Appellant's defense theory—that the gun accidentally discharged when Parra grabbed it from him—is not supported by the facts in the record. As a result, his trial counsel was not deficient in pursuing the theory further. *See Bellard v. State*, No. 01-92-00122-CR, 1993 WL 220238, at *2-3 (Tex.App.--Houston [1st Dist.] June 24, 1993, no pet.) (not designated for publication) (holding that trial counsel was not ineffective for failing to pursue defense theories not supported by the facts on the record).

### 3. *Failure to call an expert witness*

Appellant asserts that his trial counsel was ineffective because he did not call a retained ballistics expert witness to testify that the "gun had been discharged by accident due to the poor condition of the weapon and a 'very light' trigger pull." The State responds that trial counsel was not ineffective for not calling the ballistics expert because it was a matter of trial strategy.

Whether or not to present witnesses is largely a matter of trial strategy. *Noriega v. State*, No. 01-16-00404-CR, 2017 WL 3597732, at *5 (Tex.App.--Houston [1st Dist.] Aug. 22, 2017, no pet.) (not designated for publication). That trial counsel's decision to not call his expert was strategy is not doubted in this case. He testified at the hearing on the motion for new trial that he did not call the ballistics expert because he "felt that [the expert's] testimony was going to be more damaging than favorable" and he "didn't want the jury to be misled." And Appellant does not provide any support for his argument that this strategy fell below an objective standard of reasonableness. As a result, we find that trial counsel was not ineffective for not calling the ballistic expert.

### 4. *Failure to object to jury argument*

Appellant claims his trial counsel was ineffective for failing to object to several portions of the State's closing argument during the punishment phase of the trial. He contends trial counsel should have objected to the State's application of the parole law to Appellant, its explanation to the jury about Appellant's sentences running concurrently versus consecutively, its insinuation that Appellant had committed other bad acts not presented on the record, and the accusation that "for all intents and purposes, [Appellant is] the same as a murderer."

In his closing argument, Appellant's trial counsel tried to explain the parole law to the jury. He specifically stated that in making its punishment determination, the jury could not "consider

16

what the department of pardons and parole will do," but "[i]f you give him 20, he'll do 20." The trial court sustained the State's objection to this portion of trial counsel's argument. On rebuttal, the State told the jury it was extremely limited in what it could tell it about the parole laws, but that the judge had given it an instruction in the jury charge. The State then read the portion of the jury charge related to parole to the jury and stated, "[t]hose of you that are good at math are going to realize there's something magical about 60 years if the instruction is what it is." The State's argument on parole law was permissible, and thus not improper because it responded to the view of opposing counsel. *See French v. State*, No. 05-02-01006-CR, 2003 WL 21357308, at *2 (Tex.App.--Dallas June 12, 2003, no pet.) (not designated for publication) (holding that argument from the State in response to the defense's closing argument is not improper). If a jury argument was proper, counsel cannot be ineffective for failing to object to it. *Cruz v. State*, No. 08-13-00297-CR, 2015 WL 4644594, at *6 (Tex.App.--El Paso Aug. 5, 2015, pet. ref'd) (not designated for publication).

> The State also argued to the jury that Appellant's sentences would run concurrently:
>
> Now, again, the sentences on these cases are going to run concurrent. So don't think that they're going to be stacked up. If I give the defendant let's just say 20 years on count 1 and I give him 10 years on count 2, he's going to do 30 years. That's not what happens. The cases are going to run concurrent. So if you give the defendant 20 years on count 1 and ten years on count 2, he's doing a combined 20 years. And then once he's done with the ten years, he still has the ten years to do for count 1. So they run concurrent that way. They're not stacked up.

This is a correct recitation of the law applicable Appellant's case. TEX.PENAL CODE ANN. § 3.03(a). Yet Appellant cites *Marin v. State*, No. 04-06-00381-CR, 2007 WL 1341377 (Tex.App.--San Antonio May 9, 2007, no pet.) (not designated or publication) in support of his contention that this was improper argument that his trial counsel should have objected to. Other courts of appeal, however, have found jury argument that accurately details the law of concurrent sentences to be

proper. *See Snow v. State*, Nos. 05-09-00233-CR, 05-09-00234-CR, 2010 WL 2252634, at *3 (Tex.App.--Dallas June 7, 2010, no pet.) (not designated for publication) ("And because the trial court in this case was permitted to instruct the jury that appellant's sentences would run concurrently, we conclude it was not error for the prosecutor to convey that information to the jury."); *Pruett v. State*, No. 01-89-01227-CR, 1991 WL 3469, at *4 (Tex.App.--Houston [1st Dist.] Jan. 17 1991, pet. ref'd) (not designated for publication) ("Since the trial court could properly have instructed the jury on the law regarding concurrent sentencing, it was not error for the prosecutor to disclose the law to the venire panel. . . ."). But even if we assume the argument were improper, Appellant has not shown that his defense was prejudiced by trial counsel's failure to object to it. *See Strickland*, 466 U.S at 670 ("If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed."). The Court of Criminal Appeals has held that a jury's knowledge that sentences would run concurrently is a "two-edged sword." *Haliburton v. State*, 578 S.W.2d 726, 728 (Tex.Crim.App. 1979). The jury could use that information "to increase the punishment or, just as easily, . . . to reduce the number of years to avoid excessive punishment." *Id.* Consequently, we cannot presume Appellant suffered any prejudice by trial counsel not objecting to the State's argument. And Appellant has produced no evidence to show he was actually prejudiced. He has therefore not met his burden of proving trial counsel was ineffective for his failure to object to this portion of the State's jury argument.

Appellant next argues his trial counsel was ineffective for not objecting to the State's speculation during its argument that Appellant had committed other bad acts. After summarizing Appellant's misdeeds, the State said and "this is just the stuff we know about." Appellant also claims it was ineffective of his counsel to not object to the State's characterization of him as being "for all [intent] and purposes, the same as a murderer." Appellant, however, has produced no

evidence or even argument showing why his trial counsel did not object to these statements or how it prejudiced his defense. Indeed, there was no mention of these statements at all during trial counsel's testimony at the motion for a new trial hearing. We thus find that Appellant has not met his burden of proof to overcome the strong presumption that counsel rendered adequate assistance. *See Thompson*, 9 S.W.3d at 813.

     5.   *Failure to call witnesses at the punishment stage of trial*

Appellant contends his trial counsel was ineffective for failing to call several witnesses during the punishment phase of trial. He claims that his "father, mother, brother, two cousins, an uncle, an aunt, and three good friends" were available to testify at the punishment phase on his behalf. He cites an affidavit submitted by his investigator in support of his motion for a new trial as evidence that these individuals were available to testify but were not called by his trial counsel. When claiming ineffective assistance of counsel for an attorney's failure to call particular witnesses, however, the defendant must show that the witness was available to testify *and* the witness's testimony would have benefited the defense. *State v. Hradek*, No. 08-15-00342-CR, 2022 WL 3646958, at *16 (Tex.App.--El Paso Aug. 24, 2022, no pet. h.) (not designated for publication). Here, Appellant did not make any offer of proof to demonstrate what any of the available witnesses would have said if they had been called to testify. Indeed, Appellant called his mother to testify in support of his motion for a new trial, but did not ask her what she would have testified to if trial counsel had called her as a witness. Thus, because Appellant has not shown how or whether he was prejudiced by his trial counsel's failure to call additional witnesses during the punishment phase of trial, we cannot find that he was deprived of effective assistance of counsel. *See Garcia*, 57 S.W.3d at 440 (holding that the failure to satisfy either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel).

Because Appellant did not meet his burden of proving that trial counsel's performance was deficient or that any deficiency prejudiced his defense, the trial court did not abuse its discretion in denying his motion for a new trial based on ineffective assistance of counsel. As a result, we overrule Appellant's second issue.

## IV. CONCLUSION

For these reasons, we affirm the trial court's denial of Appellant's motion for a new trial.

JEFF ALLEY, Justice

December 22, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)